■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GASPARE GARAFOLO, Appellant.—*Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered April 12, 1973, convicting defendant of violating section 481 of the Tax Law as a felony (unstamped cigarette packages) and possession of a weapon as a misdemeanor, on a guilty plea, and imposing sentences. The appeal brings up for review a prior determination by the same court denying, after a hearing, defendant's motion to suppress the physical evidence.* By a prior order of this court the case was remanded to the Criminal Term for a further hearing and a report to this court on the issue of whether or not the initial arrest was lawful, and the appeal has been held in abeyance in the interim *(People v Garafolo,* 44 AD2d 86). Such further hearing has been held resulting in an order of the Criminal Term, dated July 12, 1974, finding that the initial arrest was unlawful. Judgment reversed, on the law, and indictment dismissed. After

reviewing the evidence presented at the first suppression hearing, it was the opinion of the majority of this court that the testimony for the People on the issue of probable cause at the time of the arrest was incredible as a matter of law and that, the arrest having been illegal, it followed that everything which transpired thereafter, to wit, the entry into the garage and the finding of the articles therein, violated defendant's constitutional rights and should have been suppressed. We noted, however, that there was an intimation in the record that the arresting agent, an investigator for the State Special Investigation Bureau, had information from a reliable source which, when coupled with what he believably saw, might justify the arrest. Accordingly, we remanded the case for a further hearing to give the People the opportunity to adduce such additional evidence. We have reviewed the testimony at the hearing on the remand and agree with the finding of Criminal Term that there was no evidence that the arresting agent was acting upon information from a reliable source. We conclude, therefore, that defendant's motion to suppress the physical evidence should have been granted. There being no basis for prosecuting defendant in the absence of the suppressed evidence, the indictment must be dismissed. Gulotta, P. J., Christ and Shapiro, JJ., concur; Latham and Benjamin, JJ., dissent and vote to affirm upon their dissenting opinion rendered on the previous decision on this appeal *(People v Garafolo,* 44 AD2d 86, 89).