■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHEILA DI MAGGIO, Appellant. — Judgment of the Supreme Court, Suffolk County (D'Amaro, J.), rendered December 17, 1980, affirmed. No opinion. This case is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Damiani, J. P., O'Connor, Bracken and Brown, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE MONSERRAT, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Dubin, J.), rendered July 11, 1979, convicting him of robbery in the third degree, upon a plea of guilty, and imposing sentence. Judgment affirmed. We have reviewed the record and agree with appellant's assigned counsel that there are no meritorious grounds which could be raised on his appeal. Counsel's application for leave to withdraw is granted (see *Anders v California,* 386 US 738; *People v Pearson,* 62 AD2d 1043; *People v Foster,* 58 AD2d 814; cf. *People v Gonzalez,* 47 NY2d 606). Damiani, J. P., Titone, Thompson and Bracken, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARREN O., Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered March 20, 1980, adjudicating him a youthful offender upon his conviction of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. No issue has been presented with respect to the facts upon which the judgment is based. Defendant's right to a public trial was violated when the trial court excluded all spectators from the courtroom, except defendant's mother and an unidentified man, on the prosecutor's representation that he "might want to use them" as witnesses. The persons removed included defendant's brother. The court failed to make any inquiry as to the identity of the persons present, their relationship with defendant, their purpose for being there, or whether they had any possible connection to the case. In fact, defense counsel flatly stated that the persons present had no connection to the case, and otherwise objected to their exclusion. Absent a showing of compelling necessity, exclusion of spectators deprives a defendant of his right to a public trial (*People v Jones,* 47 NY2d 409; *People v Brown,* 79 AD2d 659). Since there was no showing of necessity in this case and no findings of fact with respect to such issue were made, reversal is required (see *People v Cuevas,* 50 NY2d 1022; *People v Jones, supra; People v Outcalt,* 32 AD2d 971). Damiani, J. P., O'Connor, Bracken and Brown, JJ., concur.