■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR PARSONS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered July 13, 1982, convicting him of murder in the second degree (two counts), assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant argues that it was error to permit two eyewitnesses to make an in-court identification of him. During the trial it was brought out that both of the witnesses were acquainted with the defendant. On the day of the murder they recognized him the moment he entered the apartment where the crime took place. Under such circumstances, no Wade hearing was required (People v Miles, 103 AD2d 1017; People v Roberts, 103 AD2d 975, affd 64 NY2d 854).

In their attempt to identify the defendant, the police conducted an identification procedure through the use of a photographic array. The photograph of defendant was one taken 16 months prior to his arrest for the instant crime. Defendant argues that the photograph taken at the time of his arrest was the proper one to employ in the array. Testimony brought out that the arrest photograph of the defendant pictured him with a Band Aid on his head. There were also markings on the rear of the arrest photograph which came through. The use of this photograph would have prejudiced the defendant. There was no error in employing the 16-month-old photograph in the police files.

The court restricted defense counsel with respect to cross-examination of a People's witness regarding the acts underly-

ing four charges on which he had not yet been tried. Although this was error, during cross-examination, defense counsel elicited the fact that the witness had four charges pending against him. In addition, the cross-examination included inquiry as to any promises made by the People to the witness in exchange for his testimony. Under such circumstance, the defense had an adequate opportunity to impeach the witness regarding his prior record. In any event, in light of the overwhelming evidence of guilt, the ruling by the court did not contribute to defendant's conviction (*People v Malizia,* 62 NY2d 755, *cert denied* — US —, 105 S Ct 327).

The introduction of a photograph of the crime scene was not error. The photograph was at least somewhat probative of an issue in the case regarding where the shooting occurred (*People v Ferris,* 105 AD2d 1136; *People v Bell,* 63 NY2d 796).

Therefore, the judgment of conviction is affirmed. Mangano, J. P., Thompson, Brown and Kunzeman, JJ., concur.