■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY BALDWIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Zelman, J.), rendered November 21, 1984, convicting him of sexual misconduct, after a nonjury trial, and imposing sentence.

Ordered that the judgment is reversed, on the law, without prejudice to the People to re-present any appropriate charges to another Grand Jury (People v Beslanovics, 57 NY2d 726). Upon service upon him of a copy of this decision and order, with notice of entry, the official having custody of the defendant's person is directed to produce him, forthwith, before the Supreme Court, Queens County, at which time that court shall issue a securing order pursuant to CPL 470.45, either releasing the defendant on his own recognizance, or fixing bail, or committing him to the custody of the Commissioner of the New York City Department of Corrections pending resubmission of the case to the Grand Jury and the Grand Jury's disposition thereof (cf., CPL 210.45 [9]). Such securing order shall remain in effect until the first to occur of any of the following: (a) a statement to the court by the People that they do not intend to resubmit the case to a Grand Jury, (b) arraignment of the defendant upon an indictment filed as a result of resubmission of the case to a Grand Jury, (c) the filing with the court of a Grand Jury dismissal of the case following resubmission thereof, or (d) the expiration of a period of 45 days from the date of this decision and order provided that such period may, for good cause shown, be extended by the Supreme Court, Queens County, to a designated subsequent date if such be necessary to accord the People reasonable opportunity to resubmit the case to a Grand Jury.

During the course of this nonjury trial the court improperly ordered the courtroom closed during the testimony of the alleged rape victim. The witness would not respond to questions by the court or the prosecutor and would not articulate the reason for her reluctance to testify. The court then summarily excluded all spectators from the courtroom. The witness then stated that the reason she would not answer was "people's mothers", apparently referring to the defendant's and codefendant's mothers who had been present in the courtroom. This was her only explanation for her reluctance to answer the prosecutor's questions. The witness did not indicate why the presence of the defendant's and codefendant's mothers made her apprehensive, nor did she indicate that she was upset or embarrassed over having to testify to the details of the alleged rapes, and the court did not inquire further.

In our view this closing was not preceded by "an inquiry careful enough to assure the court that the defendant's right to a public trial is not being sacrificed for less than compelling reasons" *(People v Jones,* 47 NY2d 409, 414-415). The United States Supreme Court has recently reaffirmed that the presumption of openness may be overcome by an overriding interest to preserve higher values, but that interest is to be articulated along with findings that are specific enough so that a reviewing court can determine whether the closure was proper *(see, Waller v Georgia,* 467 US 39). The court failed to articulate an overriding interest or specific findings sufficient to warrant closing the courtroom. Thus, the defendant's conviction is reversed as no prejudice need be demonstrated, and the harmless error doctrine is not applicable to this error *(see, People v Jones, supra).*

In addition, as the People concede, the court committed error by precluding defense counsel from inquiring into charges which were pending against the complaining witness or into whether any promises had been made to this witness in exchange for her testimony in the instant case *(see, People v Parsons,* 112 AD2d 250; Richardson, Evidence § 498 [Prince 10th ed]). The defendant's argument that he was convicted of a lesser included offense which was not in fact a lesser included offense is unpreserved for review since he failed to object, having specifically requested that the court consider the charge in question *(see, People v Ford,* 62 NY2d 275). The defendant's contention concerning the repugnancy of the court's verdicts is also unpreserved for review, the defendant having failed to bring this issue to the trial court's attention

by motion pursuant to CPL 330.30 *(see, People v Alfaro,* 66 NY2d 985). Mangano, J. P., Bracken, Lawrence and Kooper, JJ., concur.