■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN THOMAS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Zelman, J.), rendered November 16, 1984, convicting him of rape in the first degree (two counts), sexual abuse in the first degree, unlawful imprisonment in the first degree, and assault in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is reversed on the law, and a new trial is ordered.

During the course of this nonjury trial the court improperly ordered the courtroom closed during the testimony of the alleged rape victim. The witness would not respond to questions by the court or the prosecutor and would not articulate the reason for her reluctance to testify. The court then summarily excluded all spectators from the courtroom. The witness then stated that the reason she would not answer was "people's mothers", apparently referring to the defendant's and codefendant's mothers who had been present in the courtroom. This was her only explanation for why she was reluctant to answer the prosecutor's questions. The witness did not indicate why the presence of the defendant's and codefendant's mothers made her apprehensive, nor did she indicate that she was upset or embarrassed over having to testify to the details of the alleged rapes, and the court did not inquire further.

In our view this closing was not preceded by "an inquiry careful enough to assure the court that the defendant's right to a public trial is not being sacrificed for less than compelling reasons" (People v Jones, 47 NY2d 409, 414-415). The United States Supreme Court has recently reaffirmed that the presumption of openness may be overcome by an overriding interest to preserve higher values, but that interest is to be articulated along with findings that are specific enough so that a reviewing court can determine whether the closure was proper (see, Waller v Georgia, 467 US 39). The court failed to articulate an overriding interest or specific findings sufficient to warrant closing the courtroom. Thus, the defendant's conviction is reversed as no prejudice need be demonstrated, and the harmless error doctrine is not applicable to this error (see, People v Jones, supra).

In addition, as the People concede, the court committed error by precluding defense counsel from inquiring into charges which were pending against the complaining witness and into whether any promises had been made to this witness in exchange for her testimony in the instant case *(see, People v Parsons,* 112 AD2d 250; Richardson, Evidence § 498 [Prince 10th ed]). We have considered the defendant's other contention and find it to be without merit. Mangano, J. P., Bracken, Lawrence and Kooper, JJ., concur.