■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY CLAY, Also Known as DIVINE ALLAH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered December 21, 1984, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the trial court committed error in allowing the reopening of the Wade hearing. The People were, in effect, not given a full and fair opportunity to inquire into the issue of independent source at

the initial hearing, and, therefore, the reopening of the hearing was justified (see, People v Havelka, 45 NY2d 636). Furthermore, the hearing was reopened only six days after the initial hearing, and the trial court scrupulously sought to guard against the danger that the witness's testimony could be tailored. Moreover, the record reveals that at the close of the reopened Wade hearing, the court properly ruled that there was an adequate independent source for the admission of the witness's in-court identification. The witness had an opportunity to view the defendant for at least 15 minutes during the incident (see, People v Smalls, 112 AD2d 173), and it was established that the witness was acquainted with the defendant for several years prior to the incident (see, People v Parsons, 112 AD2d 250).

The defendant's contention that the trial court erred in denying his motion for a mistrial after the prosecutrix informed the court that she had inadvertently failed to preserve the markings on a photograph that had been marked at the Wade hearing, is without merit. Pursuant to CPL 280.10 (1), a court must grant a motion for a mistrial "when there occurs during the trial an error or legal defect in the proceedings * * * which is prejudicial to the defendant and deprives him of a fair trial". The record reveals that the defendant was not deprived of a fair trial as a result of the prosecutrix's actions, and that the court properly denied the defendant's motion (see, e.g., People v Celeste, 95 AD2d 961). The photograph had been used at the Wade hearing by the witness to indicate the position of the defendant in relation to two other persons at the time of the incident. The markings were inadvertently erased, and the witness, at the trial, marked the same photograph and placed the defendant in a different position from where he had marked the photograph at the earlier hearing. The court, after reviewing the relevant portion of the hearing testimony and the photograph, agreed that the relative position of the defendant was marked differently at the earlier hearing but declined to declare a mistrial. Instead, the court read a stipulation to the jury explaining the inconsistency after the witness denied, on cross-examination, that he had marked the photograph differently. The court reminded the jury in its charge of this inconsistency and the weight they might properly accord it, and told the jury that it would attach the stipulation to the photograph if the jury wished to examine that exhibit in the jury room. In view of the fact that a hearing was held, in which it was determined that there was no intentional misconduct, and the stipulation and instruc-

tions by the court prevented any prejudice to the defendant, the court properly denied the defendant's motion for a mistrial.

The defendant's remaining contentions, including those contained in his *pro se* supplemental brief, are either unpreserved for review or without merit. Brown, J. P., Eiber, Kunzeman and Sullivan, JJ., concur.