THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WASHINGTON GUEVARA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered February 26, 1986, convicting him of attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Giaccio, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that this case is remitted to the Supreme Court, Queens County, for a new Wade hearing in accordance herewith and the appeal is held in abeyance in the interim; the Supreme Court is to file its report with all convenient speed.

During the second half of the pretrial suppression hearing, the prosecutor moved to have two unidentified men and a woman excluded from the courtroom based upon his assertion that the complainant and several witnesses had been threatened because of their participation in the criminal proceedings involving the defendant. Defense counsel objected, arguing that spectators should not be excluded merely because of their appearance. In response, the prosecutor repeated the former allegations of witness harassment and further asserted that

one of the spectators might be a brother of the defendant, and that the police planned to arrest a brother of the defendant. However, the prosecutor conceded that he did not know if either of the men was in fact the brother of the defendant. Despite defense counsel's objection that the vague accusations by the prosecutor were insufficient to warrant exclusion of the two unidentified men, the court directed the men to leave without any further inquiry.

The right to a public trial applies to pretrial proceedings *(see, Waller v Georgia,* 467 US 39; *People v Harris,* 57 NY2d 335, *cert denied* 460 US 1047; *see also,* Judiciary Law § 4). Although the defendant's right to a public trial may be overcome upon a showing of an overriding interest that is likely to be prejudiced if the courtroom remains open, the representations proffered by the prosecutor here were insufficient to justify closure of the courtroom for the remainder of the pretrial hearing *(see, Waller v Georgia, supra,* at 47-48). Moreover, the exclusion of the two unidentified men was not preceded by "an inquiry careful enough to assure the court that the defendant's right to a public trial is not being sacrificed for less than compelling reasons" *(People v Jones,* 47 NY2d 409, 414-415, *cert denied* 444 US 946). The court did not direct the People to explain the basis for the assertion that the two unidentified men "might be" implicated in the harassment of witnesses, nor were the People required to provide greater detail regarding the identity of the persons suspected. The court did not make any attempt to ascertain whether the presence of the two unidentified males in the courtroom presented a danger to the three witnesses or in any way inhibited their testimony. At a minimum, the court was required to question the witnesses, in camera, if necessary, concerning the impact, if any, that the presence of the two unidentified men would have upon their testimony *(see, e.g., People v Thomas,* 130 AD2d 692; *People v Baldwin,* 130 AD2d 666). Alternatively, the court might have made inquiry of the two men in order to ascertain their identity, their relation to the defendant or the proceedings, or their ability to dispute the allegations of the prosecutor *(see, People v Warren O.,* 86 AD2d 895). Instead, the court relied entirely upon the prosecutor's supposition that one of the men might be a brother of the defendant, which brother might have tampered with one or more witnesses, and might be subject to arrest.

In addition, contrary to the People's contentions on appeal, the mere fact that one other person remained in the courtroom during the hearing and that the subsequent trial was

completely public is immaterial. In *Waller v Georgia (supra)*, the court directed a new suppression hearing even though the remainder of the case was tried before a jury in open court. In *People v Warren O. (supra)*, this court found closure of the courtroom inappropriate even though the defendant's mother and an unidentified man were allowed to remain.

Finally, the fact that the court could have reasonably concluded that no prejudice would result to the defendant as a result of the closing is wholly irrelevant. It is well established that a defendant is not required to prove specific prejudice in order to obtain relief for a violation of the public trial guarantee since the closing of courthouse doors results in an intangible loss to society at large *(People v Jones, supra,* at 414-415).

The appropriate remedy for a violation of the defendant's right to a public trial at the pretrial stage is not a new trial but a new public suppression hearing *(Waller v Georgia, supra,* at 49-50). A new trial is required under these circumstances "only if a new, public suppression hearing results in the suppression of material evidence not suppressed at the first trial, or in some other material change in the positions of the parties" *(Waller v Georgia, supra,* at 50). Rubin, J. P., Kooper, Sullivan and Harwood, JJ., concur.