■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL MATEO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered March 10, 1986, convicting him of assault in the third degree, criminal possession of a weapon in the third degree (two counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered; no questions of fact have been raised or considered.

We agree with the defendant's contention that his right to a public trial was violated when the trial court, over defense counsel's objections, ordered that certain spectators be excluded from the courtroom while the complaining witness was questioned with respect to a particular sexual act allegedly practiced by this witness and the defendant. The prosecutor had argued that this testimony would prove "extremely embarrassing" to this witness were she compelled to testify before the defendant's friends and family members, who were present in the courtroom.

While a trial court is vested with the discretionary power to direct the closure of a courtroom upon a showing of an overriding interest that is likely to be prejudiced if the courtroom remains open *(see, People v Guevara,* 135 AD2d 566), a closure cannot be tolerated unless "preceded by an inquiry careful enough to assure the court that the defendant's right to a public trial is not being sacrificed for less than compelling reasons" *(see, People v Jones,* 47 NY2d 409, 414-415, *cert denied* 444 US 946).

The trial court, in the instant case, failed to conduct such an inquiry nor did it articulate an overriding interest or specific findings sufficient to warrant closing the courtroom. *(See, People v Thomas,* 130 AD2d 692; *People v Baldwin,* 130 AD2d 666.)* Instead, the court relied exclusively upon the prosecutor's speculative conclusion that the testimony sought to be elicited might be embarrassing to the complainant. This representation was, however, insufficient to justify the closure of the courtroom to specific spectators and did not constitute a "showing of compelling necessity" *(see, People v Warren O.,* 86 AD2d 895). Thus, reversal of the conviction is required and a new trial is hereby ordered.

In view of our disposition herein, the defendant's remaining contentions need not be addressed. Bracken, J. P., Kunzeman, Eiber and Harwood, JJ., concur.