■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMINE CARINI, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heller, J.), rendered August 14, 1985, convicting him of murder in the second degree, criminal possession of a weapon in the second degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the jury verdict was against the weight of the evidence. Upon the exercise of our factual review power *(see,* CPL 470.15 [5]), we find that the evidence adduced at trial clearly establishes that the defendant shot the deceased and then threw his body from the car. Although the testimony of the witnesses was inconsistent as to certain details, the resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, *on remand* 48 AD2d 906).

The admission into evidence of one page of the decedent's business ledger as a business record was proper and did not

violate the defendant's right to confrontation (see, CPLR 4518 [a]; *People v Klein*, 105 AD2d 805, *affd* 65 NY2d 613; *Matter of Lo Dolce*, 16 AD2d 827, *lv dismissed* 12 NY2d 645). Nor did the trial court abuse its discretion in permitting two photographs of the crime scene in which the decedent's body also appeared, to be admitted into evidence since they were not presented to inflame but were necessary to clarify the police officer's testimony (see, *People v Bell*, 63 NY2d 796; *People v Pobliner*, 32 NY2d 356, *cert denied* 416 US 905; *People v Parsons*, 112 AD2d 250).

Viewed in their totality, defense counsel's efforts on behalf of his client afforded the defendant meaningful representation (*People v Baldi*, 54 NY2d 137, 147; *People v Chang*, 129 AD2d 722, *lv denied* 70 NY2d 644). The trial court's participation in this trial did not amount to persistent and improper interference (cf., *People v Yut Wai Tom*, 53 NY2d 44), but rather, was necessary to clarify questions for the foreign witnesses (*People v Moulton*, 43 NY2d 944).

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be unpreserved for appellate review or without merit. Kunzeman, J. P., Eiber, Sullivan and Balletta, JJ., concur.