■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM CONETHAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Cohen, J.), rendered June 7, 1985, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, we find that the trial court did not improvidently exercise its discretion in admitting photographs of the park where the robbery allegedly occurred (see, People v Bell, 63 NY2d 796; People v Pobliner, 32 NY2d 356, cert denied 416 US 905; People v Carini, 139 AD2d 753, lv denied 72 NY2d 916; People v Parsons, 112 AD2d 250). As the Court of Appeals has observed, "[p]hotographic evidence should be excluded only if its sole purpose is to arouse the emotions of the jury and to prejudice the defendant" (People v Pobliner, supra, at 370; see also, People v Corbett, 68 AD2d 772, affd 52 NY2d 714; Richardson, Evidence § 131 [Prince 10th ed]). The photographs in question, which depict the park where the robbery occurred and other locations where the complainant observed the defendant— both before and after the robbery—were admitted to clarify the complainant's testimony and were neither inflammatory nor calculated to arouse the prejudice of the jury.

Finally, defense counsel objected to only one comment of the prosecutor during his summation. That objection was implicitly sustained by the trial court, which then provided an immediate curative instruction. Since defense counsel did not seek further curative instructions or move for a mistrial, any error in this regard has not been preserved for appellate review (CPL 470.05 [2]; People v Medina, 53 NY2d 951; People

*v Walters,* 116 AD2d 757, *lv denied* 67 NY2d 891). In any event, in light of the overwhelming evidence of guilt, the defendant was not deprived of a fair trial by virtue of the prosecutor's comment *(People v Ashwal,* 39 NY2d 105; *People v Oakley,* 114 AD2d 473, *lv denied* 66 NY2d 921). Bracken, J. P., Lawrence, Kooper and Sullivan, JJ., concur.