■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RHONDA COVINGTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered May 26, 1987, convicting her of murder in the second degree, robbery in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction arose out of her involvement with her husband, Carlton Walker, in the shooting death and robbery of Aiwuyo Akhionbare, a cab driver, on November 15, 1983. The defendant admitted her presence in the taxicab during the commission of the crime. However, she denied that she shared her husband's larcenous intent and disclaimed any involvement in the shooting.

On the night of the incident, Devika Ghanshien was present in a Brooklyn apartment with the defendant and her husband. She observed the defendant with a gun and heard her say that she needed money and did not care how she got it. When the defendant and her husband returned to the apartment later that evening, Ghanshien overheard a conversation between them which indicated that "she shot somebody".

The expert evidence adduced at trial, which established the range from which the gun had been fired, corroborated that it was the defendant who had fired the fatal shot. In addition, the defendant admitted that she shared in the robbery proceeds and joined with her husband in fleeing from the city.

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

While the defendant contends that the testimony of the prosecution witness Ghanshien was incredible, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witness (see, People v Gaimari, 176 NY 84, 96). Any inconsistencies between the witness's trial testimony and her testimony at the trial of the defendant's husband, including her possible motive to lie, were fully explored at trial. The jury's determination

that she was a credible witness should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88).

The defendant's contentions that she was denied a fair trial by the court's rulings are not supported by the record *(see, People v Pavao,* 59 NY2d 282; *People v Thomas,* 141 AD2d 782).* It was a proper exercise of discretion for the trial court to exclude the defendant's six-year-old child from the remainder of the trial, which involved the reception of expert evidence and the testimony of the defendant, the child's mother. The court articulated its reasons for the exclusion as being in the best interests of the child spectator. Thus, it cannot be said that the defendant was denied her right to a public trial *(cf., People v Jones,* 47 NY2d 409; *People v Warren O.,* 86 AD2d 895).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Kunzeman and Rubin, JJ., concur.