■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WASHINGTON GUEVARA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered February 26, 1986, convicting him of attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Giaccio, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony. By order dated December 7, 1987, this court remitted the matter to the Supreme Court, Queens County, for a new hearing on that branch of the defendant's omnibus motion which was to suppress identification testimony, and the appeal was held in abeyance in the interim *(People v Guevara,* 135 AD2d 566). The Supreme Court, Queens County, has conducted the hearing and submitted its report to this court.

Ordered that the judgment is modified, on the law, by reversing the conviction for criminal possession of a weapon in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The People failed to prove that the defendant's possession of the firearm did not take place in his "place of business", an essential element of criminal possession of a weapon in the third degree, requiring reversal of the defendant's conviction thereof (Penal Law § 265.02 [4]; *see, People v Rodriguez,* 68 NY2d 674, *revg* 113 AD2d 337).

The defendant's claims of error with regard to the admission of certain rebuttal testimony are not preserved for appellate review (CPL 470.05 [2]; *see, People v West,* 56 NY2d 662, *affg* 80 AD2d 754; *People v Vidal,* 26 NY2d 249). In any event, the court must be deemed to have cured the error to the defendant's satisfaction since the testimony in question was stricken from the record, the jury instructed to disregard it, and a request for additional instructions or a mistrial was not forthcoming *(see, People v Medina,* 53 NY2d 951, 953; *People v Jalah,* 107 AD2d 762, 763).

The defendant's claim of prosecutorial misconduct in summation is unpreserved for appellate review and does not warrant review as a matter of discretion in the interest of justice (CPL 470.15 [6] [a]).

We note that the defendant waived his right to seek preclu-

sion of the complainant's identification testimony pursuant to CPL 710.30 (3) by failing to raise the issue of lack of notice at any time prior to the hearing court's decision denying suppression *(cf., People v Bernier,* 141 AD2d 750, *affd* 73 NY2d 1006).

We have reviewed the defendant's remaining contentions, including those raised by his supplemental brief following remittitur, and find them to be without merit. Rubin, J. P., Kooper, Sullivan and Harwood, JJ., concur.