◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDIE FENNER, Appellant.—

The defendant's claim that he was deprived of a fair trial by reason of the trial court's failure to render its written decision denying that branch of his omnibus motion which was to suppress identification testimony until after the commencement of the trial has not been preserved for appellate review in view of the defendant's failure to raise an objection thereto at trial (see, People v Belnavis, 76 AD2d 842). In any event, we find the defendant's claim to be without merit since he failed to demonstrate that he suffered actual prejudice as a result of the delay (see, People v Lawrence, 39 NY2d 956; People v Belnavis, supra). The record establishes that although the trial court's written decision was not handed down until after the commencement of the trial, the court orally advised counsel at the conclusion of the suppression hearing that it would permit testimony concerning the lineup identifications of the defendant to be admitted at trial. In making its ruling, the court also briefly reviewed the hearing testimony upon which it relied in making its ruling. Although the court's oral ruling did not specifically address the issue of the impropriety of photographic arrays, the court's subsequent written decision deemed the photographic arrays to have been proper and the defendant fails to demonstrate the prejudice, if any, he suffered as a result of the delay in the court's ruling on this issue (see, People v Belnavis, supra).

The defendant's challenge to the propriety of the prosecutor's summation remarks is similarly unpreserved for appellate review in view of the defendant's failure to raise an objection thereto at trial (see, CPL 470.05 [2]). In any event, we conclude that the error, if any, resulting from the prosecutor's remarks concerning the absence of a motive to lie on the part of the People's witnesses, was harmless in view of the overwhelming proof of the defendant's guilt. The evidence adduced at trial established that two witnesses observed the defendant, in broad daylight, aim and fire a gun at the victim as he sat in a parked car. Two additional witnesses observed the defendant arguing with the victim immediately prior to the shooting. In view of this evidence, it is clear that the defendant was not deprived of a fair trial by virtue of the prosecutor's remarks (see, People v Conethan, 147 AD2d 654).

We also find the defendant's claim that he was deprived of

the effective assistance of trial counsel to be without merit. Based upon a review of the entire record, we conclude that defense counsel provided the defendant with meaningful representation (see, People v Satterfield, 66 NY2d 796; People v Baldi, 54 NY2d 137). Defense counsel's strategy which focused on the defendant's Muslim attire at trial in order to support his claim of misidentification was an appropriate trial strategy which will not be second-guessed (see, People v Roldan, 64 NY2d 821; People v Fraley, 144 AD2d 580).

The defendant's contention that the imposed sentence of an indeterminate term of 20 years' to life imprisonment for his murder conviction was excessive is similarly without merit. The sentence constituted an appropriate exercise of the sentencing court's discretion in view of the serious nature of the crime as well as the defendant's criminal background (see, People v Suitte, 90 AD2d 80).

We have reviewed the defendant's remaining contentions, including those raised in the supplemental pro se brief, and find them to be without merit. Mollen, P. J., Eiber, Sullivan and Rosenblatt, JJ., concur.