■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GINA VELASQUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beerman, J.), rendered July 11, 1989, convicting her of kidnapping in the first degree, conspiracy in the second degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a videotaped statement.

Ordered that the judgment is affirmed.

The defendant argues that a videotaped statement should have been suppressed as the "fruit of the poisonous tree" because it followed, by at least four hours, a statement she contends she made without benefit of adequate *Miranda* warnings but which was suppressed because of the People's failure to give notice pursuant to CPL 710.30. This claim, raised for the first time on appeal, is unpreserved for appellate review *(see, People v Tutt,* 38 NY2d 1011, 1012-1013; *People v Morris,* 163 AD2d 589; *People v Murriel,* 134 AD2d 623, 624). In any event, assuming the first statement was not preceded by adequate *Miranda* warnings, it is clear that the defendant was given adequate *Miranda* warnings before she made the second videotaped statement and the definite and pronounced break between it and the first statement provided sufficient attenuation to remove any taint which could be attributable to the first statement *(see, People v Ates,* 157 AD2d 786, 787; *People v Perry,* 144 AD2d 706).

The defendant also contends that the court's discharge of a juror whose mother had died was error. We disagree. The court made a thorough inquiry with respect to the reason for the juror's absence and recited on the record its reasons for invoking the statutory authorization *(see,* CPL 270.35) to discharge the unavailable juror *(see, People v Washington,* 75 NY2d 740, 741; *People v Page,* 72 NY2d 69; *People v Salley,* 153 AD2d 704, 706).

Although certain remarks by the prosecutor may have been improper, their effect was harmless in light of the overwhelming proof of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230, 241; *People v Fenner,* 158 AD2d 538, 539; *People v Rodriguez,* 155 AD2d 627, *affd* 76 NY2d 918). Finally, there is no basis for disturbing the defendant's sentence *(see, People v Perez,* 150 AD2d 395; *People v Suitte,* 90 AD2d 80). Kooper, J. P., Lawrence, Harwood and Balletta, JJ., concur.