■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOMMY MARTINEZ, Appellant.—Judgment, Supreme Court, Bronx County (Jack Rosenberg, J.), rendered September 10, 1984, convicting defendant, upon a jury verdict, of criminal sale of a controlled substance in the first degree and criminal possession of controlled substance in the first degree and sentencing him to concurrent indeterminate terms of impris-

onment of fifteen years to life, unanimously reversed, on the law, and the matter is remitted for a new trial.

It is well-settled that prior to closing a courtroom, the trial court must conduct a careful inquiry to assure that the defendant's Sixth Amendment right to public trial "is not being sacrificed for less than compelling reasons" *(People v Jones,* 47 NY2d 409, 415, *cert denied* 444 US 946). A violation of this right is *per se* reversible error regardless of whether defendant establishes prejudice *(supra).*

Prior to the jury's return with a verdict on the second count of the indictment, the court sought to remind the attorneys that before the verdict on the first count was rendered the previous evening, "it was requested that the members of the family of the defendant were to leave the courtroom and it was consented to by counsel." However, both defense counsel and the prosecutor informed the court that they had no such recollection. The Trial Judge then indicated that although what had transpired the previous evening had not been recorded, he would declare a mistrial if the prosecutor objected to barring defendant's family from the courtroom when the verdict on the second count of the indictment was announced. The prosecutor stated "[no], I have no objection."

Defense counsel then asked the court, "[w]ould you declare a mistrial if I had an objection?", to which the court replied, "I'm going to do what I'm going to do anyway, but I'm going to do it for the benefit of you."

Contrary to the People's contention, we find defense counsel's sarcastic question, while not in proper form, to have sufficiently preserved the issue for appeal. Although the People note that a careful inquiry could have been made off the record, the failure to record any purported compelling reasons justifying closure precludes a proper review by this court and mandates a reversal of defendant's conviction *(People v Jones, supra; People v Baldwin,* 130 AD2d 666; *cf., People v Joseph,* 59 NY2d 496; *People v Smith,* 111 AD2d 883). A courtroom may be closed where an overriding interest to preserve higher values is demonstrated *(see, Waller v Georgia,* 467 US 39; *People v Baldwin, supra).* However, this interest must be articulated along with findings that are specific enough to permit a reviewing court to determine whether closure was warranted *(supra).*

"[S]ince the concept of a secret trial is anathema to the social and political philosophy which motivates our society, the discretion to limit the public nature of judicial proceedings

is to be 'sparingly exercised and then, only when unusual circumstances necessitate it' *(People v Hinton,* 31 NY2d 71, 76)" *(People v Jones, supra,* at 413). Because the record is silent as to any inquiry made of counsel or of the family members who were the target of the closure and who undeniably, had an interest in being present when the jury announced the verdict convicting or acquitting defendant, and, is also silent as to any overriding interest or specific findings sufficient to warrant barring defendant's family from the courtroom, the conviction is reversed and a new trial is ordered.

In light of our determination, we do not reach defendant's remaining contentions. Concur—Murphy, P. J., Sullivan, Rosenberger, Ross and Asch, JJ.