◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GORDON SCOTT MOSLEY, Appellant. [601 NYS2d 1021] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered November 6, 1989, convicting him of murder in the second degree and attempted murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

The test of whether an individual is in custody is determined not by what the defendant thought but what a reasonable person, innocent of any crime, would have thought in the defendant's position (see, People v Yukl, 25 NY2d 585, 589, cert denied 400 US 851). The factors set forth in People v Arcese (148 AD2d 460) and People v Bailey (140 AD2d 356) to be utilized in determining whether an individual is in custody include: (1) the amount of time spent with the police, (2) whether the person's freedom of action was restricted, (3) the location and atmosphere under which the questioning took place, (4) the degree of cooperation exhibited, (5) whether constitutional rights were administered, and (6) whether the questioning was investigatory or accusatory in nature.

An application of these standards leads to the inescapable conclusion that the defendant was not in custody until he made his incriminating statements and was placed under arrest. The defendant spent two hours or less at the station-

house before making his inculpatory statements. The defendant's freedom of action was not restricted until his admissions of guilt, he testified that he did not feel that he was under arrest, the atmosphere of the questioning was congenial, he was characterized as extremely cooperative, constitutional rights were administered the moment the investigating officer became suspicious of the defendant's answers, only approximately 45 minutes into the questioning, and the questioning was investigatory and not accusatory in nature. As such, we find that the hearing court properly denied suppression of the physical evidence recovered and the defendant's statements made to law enforcement officials.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

We find the sentence imposed was neither harsh nor excessive (see, People v Suitte, 90 AD2d 80).

We have examined the defendant's remaining contentions and find that they are without merit. Mangano, P. J., Balletta, Eiber and Ritter, JJ., concur.