(August 11, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY COLE, Appellant. [615 NYS2d 393] —Judgment of the Supreme Court, Bronx County (Ivan Warner, J.), rendered August 9, 1991, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the fourth degree, and resisting arrest, and sentencing him to concurrent terms

of 2 to 6 years, 1 year, and 1 year, respectively, is unanimously reversed, on the law, the 8th count of the indictment is dismissed, and the matter is remanded for a new trial.

The cumulative effect of numerous errors by the court was to deny appellant a fair trial *(see, People v Pegeise,* 195 AD2d 337).

It was error for the court to reinstate the 8th count in the indictment charging criminal possession of a weapon. The court had dismissed that count before the prosecution rested, and granted the People's motion to reinstate the count after the defense rested. This constitutes double jeopardy *(People v Davis,* 91 AD2d 948; *People v Zagarino,* 74 AD2d 115, 120).

We find numerous errors in this record, including an apparent lack of evenhandedness in soliciting and considering the opinions of respective counsel on such issues as responding to a note from the jury. In addition to the erroneous exclusion of defendant's children from the courtroom, which had the effect of excluding his wife also, and would in itself constitute sufficient grounds for reversal *(see, People v Martinez,* 172 AD2d 428), the court committed numerous other errors, including barring cross-examination of a testifying police officer concerning an alleged encounter between the officer and appellant at a check-cashing store after the arrest where the officer allegedly told defendant, "we are going to get you." Concur—Murphy, P. J., Rosenberger, Kupferman, Ross and Tom, JJ.