■ In the Matter of DARRYL T., a Person Alleged to be a Juvenile Delinquent, Appellant. [620 NYS2d 65] —Order of disposition of the Family Court, Bronx County (Stewart Weinstein, J.), entered on or about June 12, 1992, which, *inter alia,* placed respondent with the Division for Youth, Title III, for a period not to exceed 18 months, following a fact-finding determination that respondent committed acts that, if committed by an adult, would constitute the crime of criminally negligent homicide, and an order of the same court, entered on or about May 18, 1994, which denied his motion for an order vacating the dispositional order, unanimously affirmed, without costs.

Family Court properly denied the motion to suppress respondent's statement that he had suffocated the victim since a reasonable person in respondent's position, innocent of any crime, would not have thought that he was in custody *(see, People v Mosley,* 196 AD2d 893, *lv denied* 82 NY2d 852). The

testimony of the school principal, who remained during the questioning for the specific purpose of insuring that the detectives did not badger respondent, indicated that he told respondent that the latter did not have to answer questions; that respondent calmly indicated his willingness to cooperate; that respondent never asked that the interview cease or that a parent be present; that the detectives did not badger or threaten respondent; that the principal "felt comfortable enough with what [he] heard that [he] even left the office for a few minutes without asking the detective[s] to stop". Moreover, the statement was not made after an unduly long period of questioning; it apparently was made only 10 or 20 minutes into the interview. Finally, the detectives were searching for information helpful to their theory that respondent's father had committed the crime; thus the interview was investigatory, not accusatory in nature.

The Family Court correctly concluded that a right to counsel had not attached since respondent had neither retained a lawyer nor requested one during the questioning (see, People v West, 81 NY2d 370, 373-374). One of the detectives testified that another detective had received a phone call from a Legal Aid Society attorney, who stated that he represented respondent's father but said nothing about representing respondent. The attorney testified that he had stated that he "represent[ed]" the father and that he had told the detective "that I didn't want [the detective] speaking to [respondent] without a parent or me present". Although the versions offered by these two witnesses are somewhat different, the court properly concluded that, by the attorney's own testimony, the attorney maintained that he had actually been retained to represent only the father.

We have considered respondent's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach and Asch, JJ.