■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE JACKSON, Appellant. [647 NYS2d 764] —Judgment, Supreme Court, New York County (Ronald Zweibel, J.), rendered July 5, 1994, convicting defendant, after a jury trial, of two counts of assault in the second degree, and sentencing him, as a second felony offender, to consecutive terms of $3^1/_2$ to 7 years and $1^1/_2$ to 3 years, unanimously affirmed.

Defendant's double jeopardy rights were not violated since the record reveals that the trial court made only an initial assessment that the evidence of physical injury as to one victim was not "really sufficient" and continued proceedings, hearing a readback of the victim's testimony the next day, before making its final ruling submitting the count to the jury (*compare,*

*People v Cole*, 207 AD2d 273, *lv denied* 84 NY2d 867). Even though the victim did not seek medical attention, there was legally sufficient proof of "physical injury" (Penal Law § 10.00 [9]; *People v Guidice*, 83 NY2d 630, 636; *People v Thomas*, 226 AD2d 120, *lv denied* 88 NY2d 886). The victim testified that he was struck on his head, neck and shoulder with a wooden stick and with such force that the stick slightly broke and that when he collapsed to the ground, defendant kicked him. As a result, he sustained bruises and discoloration in those areas and suffered from pain for three weeks. A detective corroborated that there was swelling to the victim's head and face immediately after the incident (*People v Ganz*, 224 AD2d 190 *lv denied* 88 NY2d 878) and the victim testified that the pain was "too much".

Defendant's claim that the court impermissibly amended the indictment by instructing the jury that they could convict him of second-degree assault irrespective of the dangerous instrument used is unpreserved for review (*People v Brown*, 196 AD2d 428, 430, *lv denied* 82 NY2d 804), and we decline to review it in the interest of justice. Were we to review it, we would find that evidence at trial that defendant used a metal pipe to strike one of the victims did not improperly expand the prosecution's theory since it did not "affirmatively disprove" the factual allegation in the indictment that an unspecified bat was used to commit the assault (*People v Grega*, 72 NY2d 489, 497). Concur—Milonas, J. P., Rosenberger, Wallach, Kupferman and Tom, JJ.