■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SPENCE, Appellant. [657 NYS2d 645] —Judgment, Supreme Court, Bronx County (John Stackhouse, J.), rendered June 22, 1995, convicting defendant, after jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of from 12½ to 25 years, unanimously reversed, on the law, and the matter remanded to Supreme Court for a new trial.

The only witness to testify on defendant's behalf was his

wife. After conclusion of her testimony, the defense rested, and counsel asked that the witness be permitted to remain in the courtroom during summation. The court responded that she could not. Defense counsel voiced his objection, stating, "There's not going to be any more testimony. If she wasn't a witness, she would have been entitled to sit in this courtroom throughout the whole trial." When the court observed, "The point is, she is a witness", counsel added, "I don't think there is any reason in the law that once someone has testified, that they can't sit and observe the rest of the trial." The prosecutor then stated, "I object strenuously to this witness sitting in court during summations. It is not just a witness; it is the defendant's wife, and I think the move is purely to garner sympathy for the defendant." The court then stated, "I think in view of the fact that she has just testified, it would be an unnecessary strain on the jury, and I'm not going to permit it. So you have an objection to that."

On this appeal, defendant contends that, in excluding his wife from the courtroom during summation, the court violated his Sixth Amendment right to a public trial. As the testimony of the witness had been concluded, we discern no valid basis to exclude a family member from the courtroom (*People v James*, 229 AD2d 315, *lv denied* 88 NY2d 1021). Furthermore, despite defense counsel's failure to specifically state his objection on Sixth Amendment grounds (*People v Stephens*, 84 NY2d 990, 992; *People v Iannelli*, 69 NY2d 684, *cert denied* 482 US 914), we regard the objection as sufficient to preserve the issue of the right to a public trial for appellate review (*People v Martinez*, 172 AD2d 428, 429; *cf., People v Lopez*, 185 AD2d 189, 190-191, *lv denied* 80 NY2d 975). "The error denied defendant his constitutional right to a public trial" (*People v James, supra*, at 316).

In view of this disposition, we do not reach defendant's other contentions. Concur—Milonas, J. P., Rosenberger, Rubin, Williams and Andrias, JJ.