■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACQUELINE PADGET, Appellant. [661 NYS2d 993] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered April 18, 1995, convicting her of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress certain statements made by her to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant gave six separate statements to law enforcement authorities. The hearing court determined that the first and second statements were made before the defendant was in custody, and the third, fifth, and sixth statements were voluntarily made after the defendant was properly advised of her *Miranda* rights. Accordingly, the hearing court denied the motion to suppress those statements. However, the hearing court suppressed the fourth statement on the ground that the police failed to properly readminister *Miranda* rights before questioning the defendant.

The defendant claims that the hearing court should have suppressed the second statement. The issue of whether a suspect is in custody is generally a question of fact (*see, People v Centano,* 76 NY2d 837), and the standard to be applied is whether a reasonable person, innocent of any crime, would have believed that she was in police custody (*People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851). Weighing the relevant factors present in the instant case (*see, People v Mosley,* 196 AD2d 893; *People v Bailey,* 140 AD2d 356), the hearing court properly determined that the defendant was not in custody when she made the second statement.

We similarly reject the defendant's contention that the fifth and sixth statements should have been suppressed. The break between the fourth statement and the subsequent statements was sufficient to remove any taint which may have arisen from the fourth statement (*see, People v Abreu,* 184 AD2d 707; *People v Velasquez,* 171 AD2d 825; *People v Perry,* 144 AD2d 706). Moreover, the People met their burden of establishing that the fifth and sixth statements were made voluntarily beyond a reasonable doubt (*see, People v Tarsia,* 50 NY2d 1, 11; *People v Tankleff,* 199 AD2d 550, 551; *People v Abreu, supra*).

The defendant was not deprived of effective assistance of trial counsel (*see, People v Baldi,* 54 NY2d 137, 147; *see also, People v Ellis,* 81 NY2d 854; *People v Garcia,* 75 NY2d 973).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Ritter, Santucci and McGinity, JJ., concur.