■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHEEN RICHARDSON, Appellant. [744 NYS2d 407] —Judgment, Supreme Court, Bronx County (Norma Ruiz, J.), rendered February 17, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony offender, to a term of 7 to 14 years, unanimously reversed, on the law, without costs, and the matter remanded for a new trial.

The trial court's exclusion of defendant's children, ages eight and nine, from the courtroom violated defendant's right to a public trial, there being no support in the record for the contention that these children were being disruptive (*see, People v James*, 229 AD2d 315, 316, *lv denied* 88 NY2d 1021, citing *People v Gutierez*, 86 NY2d 817; *see also, People v Gomez*, 256 AD2d 589, *lv denied* 93 NY2d 924; *People v Miller*, 224 AD2d 639, *lv denied* 88 NY2d 851). Defense counsel's objection at trial to the exclusion of these nondisruptive children from the courtroom, although without specific reference to the right to a public trial, was sufficient to preserve the issue for appellate review (*see, People v Nieves*, 90 NY2d 426, 431 n; *People v Spence*, 239 AD2d 218, 219). While the trial court's exclusion of defendant's younger niece and nephew may have been justified, the foregoing makes it unnecessary for us to reach that is-

sue, as well as defendant's claim that the prosecutor's summation deprived him of a fair trial. Concur—Buckley, J.P., Sullivan, Lerner and Friedman, JJ.