People v Day (2019 NY Slip Op 08858)





People v Day


2019 NY Slip Op 08858


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2015-00910
 (Ind. No. 4386/13)

[*1]The People of the State of New York, respondent,
v
Patrick Day, appellant.


Justin C. Bonus, Forest Hills, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Michael A. Gary, J.), rendered January 28, 2015, convicting him of assault in the first degree and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.
ORDERED that the judgment is reversed, on the law, and a new trial is ordered.
The defendant was convicted of assault in the first degree and robbery in the first degree in connection with a home invasion during which the victim was shot several times.
We agree with the Supreme Court's denial of that branch of the defendant's omnibus motion which was to suppress identification testimony. The photographic identification procedure, in which the defendant was identified from an array of six photographs, was not unduly suggestive (see People v Lee, 96 NY2d 157, 163; People v Chipp, 75 NY2d 327, 336; People v Mata, 174 AD3d 647). Nor was the defendant deprived of a public suppression hearing (see People v Guevera, 135 AD2d 566) based upon the court's temporary exclusion of two spectators who knew the defendant and refused to identify themselves when the court attempted to ascertain whether they were potential witnesses in the case (see People v Baker, 14 NY3d 266, 274).
However, as the People concede, the prosecutor's comments during summation that the defendant's DNA was found on the weapon used to shoot the victim had no evidentiary support in the record. The remarks, which were promptly objected to by defense counsel, were highly prejudicial and ultimately deprived the defendant of his right to a fair trial (see People v Powell, 165 AD3d 842, 843-844; cf. People v Wright, 25 NY3d 769, 779-780), particularly as the Supreme Court refused to give any curative instruction or grant a mistrial based upon the prosecutor's improper comments.
The defendant's remaining contentions need not be reached in light of our determination.
CHAMBERS, J.P., AUSTIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court