■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT EUGENE PRIES, Appellant.—Appeal from a judgment of the County Court of Tioga County, rendered June 3, 1976, upon a verdict convicting defendant of the crime of criminal possession of a forged instrument in the first degree. On this appeal, the issue presented is whether the failure of defendant's attorney to request that the jury be instructed as to lesser included offenses of criminal possession of a forged instrument in the second and third degrees, and the fact that, by his questioning, defendant's attorney elicited prejudicial testimony from a key prosecution witness, amounted to such inadequate and ineffective assistance of counsel as to require reversal of the conviction. It is not disputed that the forged instrument involved in the instant case was "part of an issue of money" as specified in section 170.15 of the Penal Law. That being the case, defendant could be found guilty only of criminal possession of a forged instrument in the first degree (Penal Law, § 170.30), and no reasonable view of the evidence would support a finding that the defendant committed a lesser offense but did not commit the greater (People v Hubbard, 48 AD2d 941). Thus, the court would not have been required to charge the lesser included offenses even though requested by defendant's attorney (CPL 300.50, subd 1). The fact that defendant's attorney may have elicited prejudicial testimony from a prosecution witness does not afford a basis for a finding of inadequacy of his representation under the facts here. There is no requirement that counsel be free from any errors in the conduct of the trial, but simply that his assistance "be susceptible of being deemed of an assistive nature" (People v La Bree, 34 NY2d 257, 261). The defendant was represented by counsel of his own choosing and the record discloses a vigorous defense on his part. Considering the conduct of counsel in its entirety it cannot possibly be characterized as so ineffective as to make the proceedings a mockery of justice (People v Gene SS, 51 AD2d 1064). Judgment affirmed. Koreman, P. J., Sweeney, Mahoney, Larkin and Herlihy, JJ., concur.

■ In the Matter of the DEPARTMENT OF SOCIAL SERVICES, ST. LAWRENCE COUNTY, et al., Respondents, v JOAN ZZ, Appellant.—Appeals from orders of the St. Lawrence County Family Court, entered March 4, 1976, which, inter alia, (1) ordered that Cheryl Lynn ZZ be placed in the custody of the Commissioner of Social Services for an initial period of one year; (2) ordered that parental custody of Luke Allen and Billy Lynn ZZ be permanently terminated and custody awarded to petitioner for the purpose of adoption; (3) ordered that placement of Darryl and Elliott ZZ with petitioner be continued for one year; and (4) ordered that guardianship and custody of Luke Allen and Billy Lynn ZZ be committed to petitioner for the purpose of adoption. The record herein reveals that the appellant has suffered from a long history of mental illness, habitual excessive drinking, sexual promiscuity and inability to take care of her children, despite considerable efforts by the petitioner to provide her with assistance. The trial court's finding of "mental illness" under former subdivision 7 of section 384 of the Social Services Law (repealed by L 1976, ch 666, § 2), eff Jan. 1, 1977 and by Social Services Law, § 384-b), which was the basis of its various determinations as to the guardianship and custody of the subject children, was amply supported by the testimony of Dr. Clifford, a psychiatrist, and Dr. Piampiano, a clinical physician. Orders affirmed, without costs. Koreman, P. J., Greenblott, Mahoney, Main and Larkin, JJ., concur.