THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KARL TAYLOR, Appellant. [638 NYS2d 841] —Casey, J.

Following a jury trial, defendant was convicted of three counts of rape in the first degree, one count of sexual abuse in the first degree and one count of unlawful imprisonment in the

second degree. Defendant was sentenced to 8¹/₃ to 25 years in prison for each rape conviction and 2¹/₃ to 7 years for the conviction of sexual abuse, these sentences to run consecutively to one another and concurrently with the one-year jail term for the unlawful imprisonment conviction.

On this appeal, defendant first claims error in the refusal of County Court to allow him to proceed *pro se*. It appears that defendant's behavior in the competency hearing and the results of the psychological evaluations clearly supported County Court's determination. During the hearing defendant continually rambled and would not obey the court's instruction to keep quiet. Defendant's conduct required his removal from the hearing and rendered County Court unable to determine whether defendant's request to proceed *pro se* was, in fact, unequivocal, knowing and intelligent. It was clear that defendant's disruptive behavior at the hearing was consistent with his behavior during other proceedings and would likely continue at trial. Such a display of conduct may form the basis for denying defendant's right to represent himself (*see, People v McIntyre*, 36 NY2d 10, 18). It follows that County Court's denial of defendant's request was proper.

Defendant further argues that he did not receive effective assistance of counsel. We note that defendant's trial counsel was defendant's fourth court-appointed attorney. The prior three attorneys requested and were permitted to withdraw their representation because defendant refused to assist them in his defense in any way. On a claim of ineffective assistance of counsel, the chief inquiry is the competence of the attorney representing defendant, not defendant's refusal to cooperate in his own defense (*see, People v Aiken*, 45 NY2d 394, 399). By this standard, defendant received meaningful representation (*see, People v English*, 215 AD2d 871, 873, *lv denied* 86 NY2d 793). It was the disruptive conduct of defendant himself which required defendant's removal from the trial. Such absence may severely hamper even the most diligent counsel's ability to represent his client effectively (*see, People v Aiken, supra*, at 399).

As an indigent, defendant did not have the right to counsel of his choice. He must accept the counsel appointed unless good cause can be shown why such counsel should be removed (*see, People v Sides*, 75 NY2d 822, 824) and, on this record, defendant failed to show good cause that would support the removal of his court-appointed attorney. Defendant's "bald profession" that he was unable to trust his counsel is not sufficient to require removal of his court-appointed attorney (*see,*

*People v Sawyer*, 57 NY2d 12, 19). In light of the difficult circumstances created by defendant himself, his appointed counsel showed more than adequate competency in his representation (*cf., People v Aiken, supra,* at 400). The attorney was fully prepared for trial and made an adequate opening and summation. He effectively cross-examined the People's witnesses and made appropriate objections and motions. Having received meaningful representation, defendant's contention to the contrary must be rejected (*see, People v Baldi,* 54 NY2d 137, 147).

We have considered defendant's other claims, that a conspiracy existed against him in Rensselaer County and that his attorney's failure to argue this claim amounted to ineffective assistance of counsel and find such claims untenable. The judgment of conviction should therefore be affirmed.

Mercure, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.