OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed and a new trial ordered.
 

 On October 25, 1991, defendant was arrested for allegedly selling three grams of cocaine to an undercover officer at Broadway and 165th Street in Manhattan. During trial, the prosecutor represented that the officer might still be working undercover in the area of defendant’s arrest and had expressed concern that open-court testimony would jeopardize both his safety and ongoing operations. The prosecutor therefore moved to close the courtroom during the officer’s testimony.
 

 Defense counsel immediately objected, asserting defendant’s right to a public trial and arguing that the officer had not considered himself in danger while waiting openly in the public hallways of the criminal courthouse. Counsel also informed the court that defendant expected at least one spectator, his girlfriend, who had been present throughout the proceedings.
 
 *869
 
 Based solely on the prosecutor’s representations and without conducting a hearing, the trial court granted the application to close the courtroom. The court made no further inquiry of the prosecutor and no factual findings. When defense counsel then urged that defendant wanted only to secure his girlfriend’s presence, the prosecutor consented to allowing her to remain in the courtroom during the officer’s testimony.
 

 Defendant having timely objected to the People’s request to close the courtroom, the People, as the proponent of closure, were required to "advance an overriding interest that [wa]s likely to be prejudiced” by open-court testimony in defendant’s case
 
 (Waller v Georgia,
 
 467 US 39, 48). To comport with the Sixth Amendment guarantee of a public trial, moreover, the trial court was obligated to ensure that closure was no broader than necessary to protect that interest, to consider reasonable alternatives to closing the proceeding, and to make findings adequate to support the closure
 
 (id.).
 

 Trial courts maintain "discretion to choose among alternative means for determining whether an application to close a courtroom is meritorious” and, thus, an evidentiary hearing will not be mandated in every case
 
 (People v Jones,
 
 47 NY2d 409, 414,
 
 cert denied
 
 444 US 946). Nevertheless, "no closing can be tolerated that is not preceded by an inquiry careful enough to assure the court that the defendant’s right to a public trial is not being sacrificed for less than compelling reasons”
 
 (id.,
 
 at 414-415). Here, the record does not define the location of the officer’s ongoing undercover operations or the geographic scope of the area which they encompassed. The prosecutor’s generalized representation that the undercover officer continued to work in the vicinity of the arrest and feared for his safety was insufficient, without greater specificity, to establish a substantial probability of prejudice to an overriding interest
 
 (see, People v Ramos,
 
 90 NY2d 490 [decided today];
 
 People v Martinez,
 
 82 NY2d 436), particularly since defense counsel disputed the sincerity of the officer’s claimed fear of being recognized while in the courthouse.
 

 The trial court, however, failed to question the undercover officer personally or to make any further inquiry of the prosecutor. The court also failed to articulate any factual findings to support its closure order. On these facts, the court’s reliance on the prosecutor’s representations, without further exploration of the undercover officer’s ongoing operations and concerns, constituted an abuse of discretion
 
 (see, People v Clemons,
 
 78 NY2d 48;
 
 People v Mateo,
 
 73 NY2d 928;
 
 People v Cuevas,
 
 50 NY2d 1022, 1024).
 

 
 *870
 
 Finally, contrary to the People’s contention, defendant’s request to have his girlfriend attend the proceedings was insufficient, by itself, to establish his consent to exclusion of the general public. Indeed, defendant was obligated to alert the trial court to any particular friends or family members that he wished to remain in the courtroom during the closed testimony
 
 (see People v Nieves
 
 90 NY2d 126 [decided today];
 
 People v Martinez,
 
 82 NY2d at 444,
 
 supra).
 
 Here, defendant unequivocally objected to the People’s application to close the courtroom and did not seek his girlfriend’s attendance until after the court had already granted the application and agreed to exclude the general public. To permit a finding of consent on this record would unfairly force defendants to choose between asserting" their right to a public trial generally and their right to have specific individuals and family members attend the proceedings.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur in memorandum. •
 

 On review of . submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.