■ The People of the State of New York, Respondent, v Derek M. Jefferson, Appellant. [670 NYS2d 239] —White, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered January 12, 1996, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

On March 31, 1995, two investigators for the City of Elmira Police Department met with a confidential informant at the police station for the purpose of having the informant make a controlled drug buy. The investigators strip-searched the informant, placed a concealed transmitter under his shirt and gave him money to make the buy. After these preliminaries, and at approximately 3:45 P.M., the investigators and informant drove to a parking lot near McArthur's, a local bar, where they observed defendant walking toward the bar. The informant then left the car, proceeded toward the bar and had a brief conversation with defendant near the front door. Defendant then entered the establishment while the informant waited outside. Shortly thereafter defendant emerged from the bar and there was an exchange of money from the informant to defendant for a package of what was later found to be crack cocaine. The investigators, who had known defendant for a number of years, observed the meeting and identified the informant's voice over the wire. The informant returned to the car, delivered the contraband to the investigators and all three

returned to the police station where the informant was again strip-searched and nothing was found in his possession.

On April 6, 1995 at approximately 4:30 P.M., the same procedure was followed by the same two investigators and the informant. They returned to the same area; however, at this time the informant entered the bar and the investigators were unable to hear any conversations, nor could they observe defendant. The exchange of money took place inside the bar and the delivery of drugs to the informant was made by another person, not defendant, outside the bar. A two-count indictment was returned charging defendant with criminal sale of a controlled substance on March 31, 1995 and April 6, 1995.

Prior to trial a *Wade* hearing was held and County Court declined to suppress the identification of defendant by the confidential informant. During the course of the trial, the court granted defendant's motion for a mistrial without prejudice after one of the People's witnesses referred to defendant's parole arrest, thus connecting defendant with prior criminal acts. Upon retrial, defendant was convicted of the first count of the indictment (regarding the sale of March 31, 1995) but was acquitted of the second count (the sale of April 6, 1995).

Defendant contends that County Court erred in granting a mistrial without prejudice and, thus, violated his right against double jeopardy. We disagree. The record indicates that defendant was informed by County Court that if his motion for a mistrial was granted, it would be without prejudice; defendant chose to proceed with the motion. Since the response of the witness which triggered defendant's motion was beyond the scope of the prosecutor's question, and there has been no showing of any prosecutorial misconduct motivated either by bad faith or for the sole purpose of provoking defendant's motion, we find that County Court's ruling was correct (*see, People v Arduini*, 222 AD2d 965, 966, *lv denied* 87 NY2d 1016; *Matter of Potenza v Kane*, 79 AD2d 467, 469, 475, *lv denied* 53 NY2d 606).

We further find that County Court properly denied defendant's suppression motion even though the informant was shown a single photograph of defendant after making the controlled buy. The informant had known defendant for several years, had been in jail with him, had purchased cocaine from him prior to the March 31, 1995 buy and had recognized defendant walking down the street prior to the buy. Due to his prior familiarity with defendant, the single photograph identification procedure was not unduly suggestive and the informant had an independent basis on which to base his in-court identifica-

tion (*see, People v Tas*, 51 NY2d 915, 916; *People v Durham*, 235 AD2d 850; *People v Quinones*, 228 AD2d 796, 797).

Viewing the evidence in a neutral light and making our own independent determination of the relative probative value of the inferences that may be drawn from the testimony, we find that the jury had ample opportunity to assess the credibility of the witnesses and that the verdict was not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495; *People v Payne*, 233 AD2d 787, 789). Further, defendant was not denied the effective assistance of counsel; the record shows that viewed in the totality of the circumstances, defendant was not deprived of a fair trial and received meaningful representation. We note that counsel vigorously cross-examined the key prosecution witnesses, made appropriate motions and objections and, most notably, obtained an acquittal on one of the two counts of the indictment (*see, People v Baldi*, 54 NY2d 137, 147; *People v Taylor*, 225 AD2d 834, 836; *People v Decker*, 224 AD2d 860, 862-863, *lv denied* 88 NY2d 877).

Defendant also argues that County Court improperly closed the trial to the public. Prior to the *Wade* hearing, the People moved to close the courtroom during the testimony of the confidential informant and submitted affidavits of an Assistant District Attorney and one of the investigators who participated in the controlled buy. These affidavits stated that the informant was still actively involved in gathering information regarding drug activity, that there were a number of individuals just outside the courtroom, one of whom was known to have street knowledge and contacts regarding cocaine sales and distribution, and that the safety of the informant might be jeopardized in the event the courtroom remained open. An evidentiary hearing is not mandated in every case (*see, People v Tolentino*, 90 NY2d 867, 869) and County Court, after hearing arguments of counsel, ruled that the public would be excluded but only during the testimony of the confidential informant.

Here, a civilian informant, likely to be identified, was still involved in gathering information in a local, nonmetropolitan drug community, where a strong possibility existed that not only the safety of the informant but also the validity of other cases might be compromised. Further, the scope of the closure was strictly limited since the trial was public, the transcript of the suppression hearing was made available and there was only closure as to one witness in a confirmatory suppression hearing. In addition, since the record permits closure and closure was not facially overbroad, the burden was on defendant to alert County Court to any alternative procedures (*see,*

*Ayala v Speckard,* 131 F3d 62, 72; *People v Ramos,* 90 NY2d 490, 504, *cert denied sub nom. Ayala v New York,* 522 US 1002; *People v Pearson,* 82 NY2d 436, 444). County Court carefully considered the matter and made findings which were sufficient to support the limited closure. Therefore, we find the mandates of *Waller v Georgia* (467 US 39) have been satisfied and, in view of the facts before us, we find no abuse of discretion by County Court.

We have examined defendant's remaining contention and find it to be without merit.

Mikoll, J. P., Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.