■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORNA FIELDS, Appellant. [681 NYS2d 613] —Crew III, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered June 20, 1997, upon a verdict convicting defendant of two counts of the crime of criminal sale of a controlled substance in the second degree.

Defendant was indicted and charged with two counts of criminal sale of a controlled substance in the second degree. Following defendant's unsuccessful attempt to suppress identification testimony, she was tried and convicted as charged.

On this appeal, defendant contends, *inter alia*, that County Court erred in closing the courtroom to the public during the undercover officer's testimony at the *Wade* hearing. We agree. It is axiomatic that a defendant has a constitutional and statutory right to a public trial (*see*, US Const 6th Amend; Civil Rights Law § 12; Judiciary Law § 4), which right applies to suppression hearings as well (*see, Waller v Georgia*, 467 US 39, 46). While that right is not absolute and in some instances must give way to other interests (*see, People v Nieves*, 90 NY2d 426, 429), in order to justify closure here the People were required to show that the undercover officer was still engaged

in undercover buys and that his public testimony would either jeopardize his safety or compromise the integrity of an ongoing investigation (*see, People v Jefferson*, 248 AD2d 815, 817-818).

Instead, the District Attorney, in support of his motion for closure, simply stated that "[t]he person I'm calling is the undercover police officer and * * * this officer is * * * presently in that same capacity and working in that capacity. I would like this courtroom sealed in that regard." Such statement hardly constitutes the required factual showing that an exception to the norm of a public trial was justified (*see, People v Jones*, 47 NY2d 409, 415, *cert denied* 444 US 946). Accordingly, the appeal must be held in abeyance and the matter remitted to County Court for a new suppression hearing.

Cardona, P. J., Mikoll, White and Carpinello, JJ., concur. Ordered that the decision is withheld, and matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court's decision.