■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JACKSON, Appellant. [726 NYS2d 283] —Appeal by the defendant from a judgment of the County Court, Nassau County (Honorof, J.), rendered January 27, 2000, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence.

defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered June 28, 1999, convicting him of murder in the second degree, assault in the third degree, and menacing in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

During the appellant's trial, the prosecutor requested that a spectator, who had been seen conferring with defense counsel, be removed from the courtroom because he was intimidating the prosecution witnesses. Defense counsel objected and asked for the basis of the prosecutor's allegations. The prosecutor indicated that the father of the deceased victim had informed her that a prior prosecution witness had told him that the spectator had made threatening gestures to him after his testimony, and that an unidentified prosecution witness who would be testifying that day had also stated that the spectator had harassed him. The trial court, over the objection of defense counsel, asked the spectator to identify himself on the record. The spectator, through defense counsel, declined to identify himself and denied the prosecutor's allegations. The trial court then, *sua sponte*, stated that the spectator's appearance in the courtroom for two days in red clothing signified gang membership, determined that his presence was intimidating, and ordered him excluded from the courtroom until the completion of testimony by the prosecution's last two civilian witnesses.

We agree with the appellant that the trial court's inquiry into the basis of the prosecutor's request for removal of the spectator was inadequate. Although a formal hearing is not always required, no closure will be tolerated absent an inquiry careful enough to assure the court that the right to a public trial is not sacrificed for less than compelling reasons (*see, People v Tolentino*, 90 NY2d 867, 869; *People v Clemons*, 78 NY2d 48, 52; *People v Jones*, 47 NY2d 409, 414-415, *cert denied* 444 US 946). Here, the trial court failed to ask the prosecutor to name the witness who had allegedly complained of harassment by the spectator, and failed to inquire of the witness himself despite his immediate availability. Moreover, there was nothing in the record to support the trial court's finding that the spectator was a gang member. This limited inquiry was insufficient to justify the removal of the spectator (*see, People v Tolentino, supra; People v Clemons, supra; People v Cuevas*, 50 NY2d 1022; *People v Mateo*, 138 AD2d 412, 413, *affd* 73 NY2d 928). Therefore, reversal of the defendant's conviction is required (*see, People v Nieves*, 90 NY2d 426, 431;

*People v Jones, supra,* at 415; *People v Romain,* 137 AD2d 848).
Ritter, J. P., S. Miller, Friedmann and Crane, JJ., concur.