■ The People of the State of New York, Respondent, v Naiainmdat Singh, Appellant. [732 NYS2d 415] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blackburne, J.), rendered April 6, 2000, convicting him of criminal possession of stolen property in the third degree, criminal possession of stolen property in the fourth degree, and unauthorized use of a motor vehicle in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Rotker, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

Following the People's summation, the defendant objected to the presence in the courtroom of one of the police witnesses, and requested that the Supreme Court provide an interested-witness charge with regard to that witness. In response, the People opined that the police officer had an absolute right to attend the proceedings because both the trial and the courtroom were open to the public. The trial court closed the courtroom, without either party requesting it and over the defendant's objection, stating that the "public part of this trial is over." After the jury rendered its verdict, the defendant moved pursuant to CPL 330.30 to set aside the verdict on the ground that, *inter alia*, he was deprived of his constitutional right to a public trial when the trial court closed the courtroom prior to charging the jury until after the announcement of the verdict. This closure was manifest error (*see, Waller v Georgia,* 467 US 39; *People v Tolentino,* 90 NY2d 867, 869; *People v James,* 284 AD2d 409), and warrants a new trial.

We disapprove of the Supreme Court's interested-witness charge, as it departed from the Criminal Jury Instructions on this subject and engrafted a concept that the defendant is "the most" interested witness.

There is no merit to the defendant's contention that the hearing court erred in denying that branch of his omnibus motion which was to suppress his statements to law enforcement authorities.

In view of our determination that a new trial is required, we do not reach the defendant's remaining contentions. Goldstein, J. P., McGinity, Luciano and Crane, JJ., concur.