THIRD DEPARTMENT, AUGUST, 2002

(August 1, 2002)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS O. CONWAY, Appellant. [746 NYS2d 201] —Rose, J.

In July 1992, defendant was indicted on multiple counts of second degree murder, manslaughter, assault and endangering the welfare of a child as a result of the September 1984 and June 1992 deaths of two infants, Michael Pearson (born October 19, 1982) and Kyle Adair (born February 25, 1992). County Court severed the counts stemming from Pearson's death and, in July 1993, defendant was convicted of second degree murder and endangering the welfare of a child in connection with Adair's death. The conviction was subsequently affirmed by this Court (*People v Conway,* 241 AD2d 752, *lv denied* 91 NY2d 871). In 1995, defendant was convicted of second degree murder in connection with Pearson's death and sentenced to a prison term of 25 years to life. Defendant now appeals from the 1995 conviction.

Initially, defendant contends that County Court's denial of

his motion to dismiss the indictment based on the People's unreasonable delay in indicting him for Pearson's murder deprived him of due process. Although an "unreasonable delay in prosecuting a defendant constitutes a denial of due process of law" (*People v Staley*, 41 NY2d 789, 791), the Court of Appeals has "steadfastly refused to set forth a per se period beyond which a criminal prosecution may not be pursued" (*People v Taranovich*, 37 NY2d 442, 445). Where the delay is protracted, the prosecution has the burden to demonstrate good cause (*see, People v Singer*, 44 NY2d 241, 254), but " '[d]elays due to difficulty in obtaining sufficient evidence to indict or even to arrest do not mandate dismissal of charges [on due process grounds]' " (*People v Denis*, 276 AD2d 237, 248, *lv denied* 96 NY2d 861, quoting *People v Staley, supra* at 792).

Here, the eight-year delay was due to the original determination in 1984 that the cause of Pearson's death was an accidental fall down some stairs, which finding was based largely on defendant's own account of what had occurred. It was not until the 1992 death of Adair, when pathologist Barbara Wolf reviewed Pearson's autopsy and other medical records, that any evidence suggested that Pearson's death had not been accidental. Thereafter, the prosecution promptly submitted the new evidence to a grand jury. Given the People's good faith decision to defer the prosecution until it was justified by Wolf's investigation, any prejudice allegedly caused to defendant did not deprive him of due process of law (*see, People v Singer, supra* at 254; *People v Denis, supra* at 248). Moreover, despite defendant's allegation of prejudice arising from the inability of Investigator John Mills to recall certain events surrounding the subsequent investigation, the record contains no showing that Mills' testimony pertained to the medical cause of death, which was the decisive issue in this case (*see, People v Denis, supra* at 250). Thus, we are not persuaded that the preindictment delay here constituted a denial of due process.

We also find County Court's admission of Wolf's testimony with respect to three articles of medical literature during redirect examination to be proper and not to have deprived defendant of his right to a fair trial. While the scope of redirect examination lies within the sound discretion of the trial court, where "the opposing party 'opens the door' on cross-examination to matters not touched upon during the direct examination, a party has the right on redirect 'to explain, clarify and fully elicit [the] question only partially examined' on cross-examination" (*People v Melendez*, 55 NY2d 445, 451, quoting *People v Regina*, 19 NY2d 65, 78). During cross-examination

here, defense counsel challenged Wolf's opinion that Pearson's injuries could not have been sustained in a fall, questioning her specifically about her research with respect to injuries to the brain that occur on the opposite side of the head from where the blow was delivered. Thus, defense counsel opened the door to whether Wolf had "done exhaustive research in [this] area" and Wolf's citation to the medical articles used in reaching her conclusion was properly admitted. Since Wolf described the articles in this context and they were neither read nor introduced into evidence, County Court did not err in permitting the testimony.

Defendant also contends that a missing evidence charge was erroneously denied him because autopsy and crime scene photographs were missing, as was an audio recording of statements allegedly made by him. When a defendant claims that the loss of evidence deprived him of a fair trial, the court must consider "the proof available at trial, the significance of the missing evidence and whether the loss was intentional or inadvertent" (*People v Haupt*, 71 NY2d 929, 931; *see, People v Joseph*, 86 NY2d 565, 572). Here, the record does not indicate, nor does defendant contend, that the People intentionally or in bad faith lost or destroyed any evidence. In addition, defendant fails to demonstrate the significance of the missing evidence or that it would have been favorable to his defense. Moreover, as County Court noted, "ample reference has been made during the testimony and in the defendant's closing argument to the fact[s] * * * that the People, although they have the burden do not have any of [this evidence]." Accordingly, the court did not err in refusing to give the jury a missing evidence charge.

Nor did County Court err in denying defendant's request for a missing witness charge with respect to Investigator Mike Geary, who photographed the general area around the stairway where Pearson allegedly fell. Defendant failed to show that any testimony to be elicited from Geary would be favorable to his case, the physical condition of the stairs and the surrounding area was not in dispute, and, considering the extensive testimony as to the physical condition of the area, Geary's testimony would have been cumulative (*see, People v Gonzalez*, 68 NY2d 424, 427; *People v La Motte*, 285 AD2d 814, 816).

The balance of defendant's contentions have been reviewed and also found to be without merit.

Crew III, J.P., Peters, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed.