■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARVEY FLETCHER, Appellant. [766 NYS2d 232] —Cardona, P.J. Appeal from a judgment of the County Court of Schenectady County (Catena, J.), rendered July 18, 2002, upon a verdict convicting defendant of the crimes of criminal contempt in the first degree, harassment in the second degree (two counts) and endangering the welfare of a child.

A four-count indictment charged defendant with criminal contempt in the first degree, two counts of harassment in the second degree and endangering the welfare of a child all stemming from a November 7, 2001 altercation involving his estranged girlfriend, Elizure Howard, the mother of defendant's baby daughter. At the time of the incident, a one-year order of protection was in effect prohibiting defendant from contact with Howard. Nevertheless, defendant went to Howard's apartment and, after arguing, became physically abusive towards her and toppled a dresser within a few feet from his daughter, who was on a bed. Defendant also pushed the mattress on that bed causing the child to roll onto the floor. Howard and her older daughter fled to the apartment of a downstairs neighbor, Anthony Holden, and the police were called. Defendant followed them and, in addition to continuing to abuse Howard, threatened to "blow up" Holden, his house and dogs.

Following a trial, defendant was found guilty of all counts and sentenced, as a second felony offender, to a prison term of 2 to 4 years for the crime of criminal contempt in the first degree, terms of 15 days in jail for the harassment counts and a one-year term for the count of endangering the welfare of a child, all to be served concurrently.

Initially, we are unpersuaded that defendant was denied the effective assistance of counsel at trial in contravention of his constitutional rights. Notably, the record demonstrates that defendant's trial counsel made appropriate pretrial motions and, as a result, *Sandoval* and *Ventimiglia* hearings were conducted. Additionally, defense counsel cogently presented the theory that it was Howard who actually assaulted defendant and falsely reported to the police that he abused

her. Defense counsel pursued various theories throughout the trial, and zealously cross-examined the prosecution's witnesses, called witnesses and made a closing statement. In addition, the fact that trial counsel did not request that the lesser included offense of criminal contempt in the second degree be charged is not significant inasmuch as defendant has not shown that it was not a defense tactic to submit only the greater charge to the jury (*see People v Clark,* 115 AD2d 860, 862 [1985], *lv denied* 67 NY2d 941 [1986]). In any event, County Court was not required to charge the lesser offense because there was no reasonable view of the evidence that defendant did not commit the crime charged and, accordingly, failure to request the lesser charge does not support a claim of ineffective assistance of counsel (*see People v Henderson,* 305 AD2d 940, 942 [2003], *lv denied* 100 NY2d 582 [2003]; *People v Pries,* 58 AD2d 713 [1977]). Defendant's remaining arguments merely criticize decisions arguably related to defensible trial tactics and, therefore, under all the circumstances, our review indicates that defense counsel provided meaningful representation (*see People v Henry,* 95 NY2d 563, 565-566 [2000]; *People v Nusbaum,* 222 AD2d 723, 725 [1995], *lv denied* 87 NY2d 1023 [1996]).

Finally, defendant argues that his sentence was harsh and excessive and he was penalized for exercising his right to a trial. Specifically, defendant points out that his sentence after conviction was greater than the sentence discussed in earlier, unsuccessful plea negotiations. While it is true that a sentencing court cannot vindictively sentence a defendant, "[t]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to trial" (*People v Simon,* 180 AD2d 866, 867 [1992], *lvs denied* 80 NY2d 838 [1992]). Here, the record contains no evidence of vindictiveness or retaliation and, therefore, "defendant forfeit[ed] the benefit of the deal by electing to go to trial" (*id.* at 867; *see People v Pena,* 50 NY2d 400, 412 [1980], *cert denied* 449 US 1087 [1981]). Inasmuch as defendant has not demonstrated the existence of any extraordinary circumstances warranting our intervention, we find no basis to disturb the sentence imposed by County Court.

Crew III, Peters, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.