■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v J'MIN WARD, Appellant. [774 NYS2d 604]—

Spain, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered June 22, 2001, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree (two counts).

Following a jury trial, defendant was convicted of two counts of criminal sale of a controlled substance in the third degree for selling crack cocaine twice in one hour on August 3, 2000 out of an apartment in the Village of Ellenville, Ulster County, to a

State Police investigator working undercover with the Community Narcotics Enforcement Team. The investigator's testimony reflected that she had been introduced to defendant by a confidential informant on August 1, 2000, prior to a drug transaction at the same location and, later that day, identified defendant from a photo array. No charges were brought for the August 1st sale. Upon his conviction, County Court sentenced defendant to concurrent prison terms of 5 to 15 years.

On defendant's appeal, we find merit in his claim that County Court erred in closing the courtroom during the hearing on his motion to suppress. Defendant sought to preclude testimony regarding the investigator's photo array identification of defendant on August 1, 2000 as well as references to, and all information derived from, the confidential informant who declined to testify. Prior to the hearing, the prosecutor inquired whether the two spectators in the courtroom were defense witnesses; defense counsel replied that they were defendant's mother and friend who he did not anticipate would be testifying. The prosecutor then requested that the courtroom be closed to all spectators during the suppression hearing, stating only that "[o]ne of my witnesses here is an undercover officer who is still working within the field of the Village of Ellenville." Defense counsel promptly objected to the closure, questioning how defendant's mother and friend could compromise any investigation or represent any danger, and requested that they be permitted to remain. The prosecutor's only reply was that "it is for the safety of the undercover officer." County Court granted the request without any inquiry or making any findings of fact. It appears from the record that the courtroom remained closed during the investigator's testimony, as well as during the testimony of a patrol officer of the Village Police Department, who showed the investigator the photo array, as well as a sergeant of the Village Police Department, who saw defendant in the vicinity of the August 3, 2000 sale.

The closure of the courtroom during the entire hearing clearly violated defendant's constitutional and statutory right to a public trial (see US Const 6th Amend; Civil Rights Law § 12; Judiciary Law § 4; see also People v Tolentino, 90 NY2d 867, 869 [1997]), which applies equally to suppression hearings (see Waller v Georgia, 467 US 39, 46 [1984]; People v Fields, 254 AD2d 626, 626 [1998]). Once defendant timely objected,* the burden was on the prosecutor, as the proponent of closure, to

---

* We do not agree with the People's contention that People v Pollock (50 NY2d 547, 550 [1980]), which predated Waller v Georgia (supra) and subsequent Court of Appeals decisions, should be interpreted to require

establish that a "substantial probability of prejudice" to an articulated, compelling interest would result from an open courtroom, and to demonstrate a nexus or specific link between that interest and open testimony in the particular buy and bust case (*People v Jones*, 96 NY2d 213, 217, 220 [2001]; *see Waller v Georgia, supra* at 48; *People v Tolentino, supra*). "Clearly in buy-and-bust cases that [standard] requires more than conclusory assertions that the officer remains an active undercover and fears for his or her safety" (*People v Ramos*, 90 NY2d 490, 498 [1997]; *see People v Tolentino, supra* at 869; *People v Martinez*, 82 NY2d 436, 443 [1993]; *cf. People v Pearson*, 82 NY2d 436, 443 [1993]), and "the mere possibility that this safety interest might be compromised by open-court testimony does not justify abridgement" (*People v Ramos, supra* at 498). The prosecutor's perfunctory assertions here were patently insufficient to meet the standards for closure repeatedly insisted upon by the US Supreme Court and the Court of Appeals (*see People v Martinez, supra* at 443; *People v Fields, supra*; *cf. People v Jefferson*, 248 AD2d 815, 817-818 [1998], *lv denied* 92 NY2d 926 [1998]).

Despite the prosecutor's generalized assertions, County Court neither made careful inquiry of the prosecutor, the investigator or the spectators present nor held a hearing to ascertain whether the investigator's public testimony would threaten her safety or the safety of others or the integrity of other investigations or cases (*see People v Jones, supra* at 414-415; *see also People v Tolentino, supra* at 869; *cf. People v Ming Li*, 91 NY2d 913, 917 [1998], *affg* 230 AD2d 165 [1997]). The court also failed to articulate any findings of fact to support its closure order (*see People v Tolentino, supra* at 869; *People v Clemons*, 78 NY2d 48, 52 [1991]; *see also Waller v Georgia, supra* at 48).

Moreover, defense counsel specifically alerted County Court to the particular family member and friend he wished to remain in the courtroom, and no claim was ever advanced that the investigator's fears or concerns related to them (*see People v Nieves*, 90 NY2d 426, 430 [1997]; *People v Gutierez*, 86 NY2d 817, 818 [1995]; *People v Kin Kan*, 78 NY2d 54, 58 [1991]; *cf. People v Martinez, supra* at 444). "Where . . . the trial court is aware that defendant's relatives have been attending the

_____

defense counsel to request a *Hinton* hearing (*People v Hinton*, 31 NY2d 71 [1972], *cert denied* 410 US 911 [1973]) in order to preserve an objection to a closure request. Recent decisions reaffirm that once a defendant objects to closure, the initial burden is on the People as the proponent of closure (*see People v Ramos*, 90 NY2d 490, 498 [1997]) and an evidentiary hearing is not mandated in every case (*see People v Tolentino, supra* at 869; *People v Jones*, 47 NY2d 409, 414-415 [1979], *cert denied* 444 US 946 [1979]).

proceedings or that the defendant would like to have certain family members present, exclusion of those individuals must be necessary to protect the interest advanced by the People in support of closure" (*People v Nieves, supra* at 430 [citations omitted]) and "the trial court's reasons for excluding the defendant's family must be 'demonstrated and documented' in the record" (*id.,* quoting *People v Kin Kan, supra* at 57). Finally, the closure was certainly broader than necessary as no showing was attempted that any degree of closure was warranted as to the two village patrol officers, who were not working undercover (*see Waller v Georgia, supra* at 48).

As the courts have reiterated often, "no closure 'can be tolerated that is not preceded by an inquiry careful enough to assure the court that the defendant's right to a public trial is not being sacrificed for less than compelling reasons' " (*People v Clemons, supra* at 51-52, quoting *People v Jones, supra* at 414-415; *see People v Tolentino, supra* at 869). Accordingly, the appeal must be held in abeyance and the matter remitted to County Court for a new suppression hearing in open court, unless the People make the requisite showing to justify closure of the hearing, in whole or in part, which application for closure "should be made in light of conditions at the time of the new hearing, and only interests that still justify closure should be considered" (*Waller v Georgia, supra* at 50; *see People v Fields, supra*; *People v Guevara,* 135 AD2d 566 [1987]). Defendant's remaining claims, consequently, will not be addressed at this time.

Peters, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the decision is withheld, and matter remitted to the County Court of Ulster County for further proceedings not inconsistent with this Court's decision.