■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v J'MIN WARD, Appellant. [782 NYS2d 158]—

Spain, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered June 22, 2001 upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree (two counts).

Following a jury trial, defendant was convicted as charged of two counts of criminal sale of a controlled substance in the third degree for two sales of cocaine to an undercover State Police Investigator, which took place in the Village of Ellenville, Ulster County in August 2000. Sentenced to concurrent prison terms of 5 to 15 years, defendant appealed, challenging County Court's closure of the courtroom during the hearing on his unsuccessful motion to suppress, the admission of evidence of uncharged crimes and the length of his sentence. After

defendant's appeal was heard, we withheld decision and remitted for a new suppression hearing, finding closure of the courtroom had violated defendant's right to a public trial (6 AD3d 741 [2004]). County Court conducted a new, open suppression hearing on May 18, 2004, thereafter again denying defendant's motion to suppress, and defendant does not challenge the merits of that decision. We now address and reject the remaining claims of error previously raised on defendant's appeal.

Initially, defendant contends that the People improperly elicited uncharged crime testimony from the undercover officer who made the charged sales, namely an uncharged August 1, 2000 drug sale involving defendant. This issue is not preserved for our review because defendant did not timely object during the officer's direct testimony, first objecting during the officer's redirect examination (*see* CPL 470.05 [2]; *see also People v Smith*, 309 AD2d 1081, 1081 [2003]). Addressing the issue, in any event, we find it is devoid of merit.

On direct, the undercover officer testified that she first met defendant, who she identified at trial, on August 1, 2000, when a confidential informant introduced them "during a narcotics transaction"; she never suggested that defendant participated in the sale and, thereafter, testified to the two charged sales on August 3, 2000. On cross-examination (as in his opening statement), defense counsel pursued a mistaken identification defense, questioning the ability of the undercover officer to observe and accurately identify defendant from the August 1 encounter. In that regard, it was defense counsel who elicited that defendant had sold cocaine to the confidential informant on August 1—which counsel referred to as the "first buy"—and the specifics of that uncharged transaction, all over the prosecutor's repeated objections. On redirect, the prosecutor merely focused on the officer's ability to observe defendant on August 1.

There can be no doubt that defense counsel intentionally elicited this uncharged crime evidence, therefore permitting the prosecutor on redirect " 'to explain, clarify and fully elicit [the] question only partially examined' on cross-examination" (*People v Melendez*, 55 NY2d 445, 451 [1982], quoting *People v Regina*, 19 NY2d 65, 78 [1966]; *see People v Massie* 2 NY3d 179, 183-184 [2004]; *People v Conway*, 297 AD2d 398, 399 [2002], *lv denied* 99 NY2d 581 [2003]). Also, the scope of redirect examination, which is governed by the trial court's sound discretion, was circumscribed and limited to what the cross-examination justified (*see People v Massie, supra* at 183-185; *People v Melendez,*

*supra* at 452; *cf. People v Rivenburgh*, 1 AD3d 696, 700 [2003], *lv denied* 1 NY3d 579 [2003]). Likewise, we discern no error in the admission on redirect of the drugs sold by defendant on August 1, 2000, as defense counsel, after eliciting the details of that uncharged sale, stipulated that it was cocaine. Notably, no limiting instructions were given by County Court. While no such instructions were requested, our courts have repeatedly stressed the importance of cautionary instructions to reduce the chance that juries will improperly interpret such proof of uncharged crimes as evidence of defendants' propensity toward crime (*see People v Santarelli*, 49 NY2d 241, 254 [1980]; *People v Greene*, 306 AD2d 639, 642-643 [2003], *lv denied* 100 NY2d 594 [2003]). In view of the overwhelming evidence, however, any error was harmless (*see People v Kello*, 96 NY2d 740, 744 [2001]; *People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Wright*, 5 AD3d 873, 876 [2004]).

Next, defendant claims that County Court erred in admitting testimony by a village police sergeant that he had known defendant for five years, implying that defendant had a criminal record. Defense counsel's objections to the sergeant's testimony were premised upon relevancy grounds and, thus, did not apprise the court of this issue, raised for the first time on appeal. Addressing it, in any event, we find no error, as the sergeant's testimony was properly limited to having previously known defendant—without suggestion of criminality—so as to support his in-court identification of defendant and his testimony that he observed defendant on August 3, 2000 entering the building where the drug transactions occurred, at the approximate time of the second drug sale, wearing the clothing described by the undercover officer. County Court sustained defense counsel's hearsay objection to the sergeant's testimony that the undercover officer reported that defendant was involved in a narcotics transaction on that day.

Finally, we have carefully considered defendant's request that his sentence of 5 to 15 years' imprisonment be reduced in the interest of justice based upon, among other factors, his young age (20 years old) at the time of these offenses, his first felony convictions and his academic success since incarceration. However, while lengthy, the sentence imposed was appreciably less than the maximum authorized sentence of $8\frac{1}{3}$ to 25 years (*see* Penal Law § 70.00 [2] [b]; [3] [b]), which the People had requested be imposed consecutively for each sale (*see* Penal Law § 70.25), reflecting County Court's exercise of discretion and leniency. Further, our review of the record does not demonstrate extraordinary circumstances to warrant our disturbing that

sentence in the interest of justice (*see* CPL 470.15 [6] [b]; *People v Delgado*, 80 NY2d 780, 783 [1992]; *People v Hawes*, 298 AD2d 706, 709 [2002], *lv denied* 99 NY2d 582 [2003]. Also, although the issue is unpreserved (*see People v Hurley*, 75 NY2d 887, 888 [1990]), we note that there was not a great disparity between the People's plea offer and the sentence imposed and the record does not support the allegation that defendant was penalized for electing to go to trial (*see People v Fletcher*, 309 AD2d 1085, 1086 [2003], *lv denied* 1 NY3d 571 [2003]).

Peters, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.