THIRD DEPARTMENT, FEBRUARY, 2007

(February 1, 2007)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL COLVIN, Appellant. [828 NYS2d 716]—

Mugglin, J. Appeal from a judgment of the County Court of Madison County (McDermott, J.), rendered January 17, 2006, upon a verdict convicting defendant of four counts of the crime of sexual abuse in the first degree.

Defendant's indictment for two counts of rape in the first degree and four counts of sexual abuse in the first degree resulted from acts he allegedly perpetrated against his teenage daughter. He was found not guilty of rape and appeals from his four sexual abuse convictions, arguing that they were contrary to the weight of the evidence, his trial counsel was ineffective and he was denied a fair trial by County Court's failure to give limiting instructions to the jury concerning uncharged crimes. Under the circumstances presented, we are unpersuaded and affirm the convictions.

First, defendant argues that the verdict is contrary to the weight of the evidence because the victim's testimony was inconsistent and improbable, she had a motive to lie and there was no forensic evidence to corroborate her claims. As a different verdict would not have been unreasonable, we assess, in a neutral light, the probative force of the conflicting testimony and the relative strength of any conflicting inferences which may be drawn therefrom (see People v Bleakley, 69 NY2d 490, 495 [1987]).

Contrary to defendant's argument, we do not find the victim's testimony to have been incredible as a matter of law. The inconsistencies identified by defendant created issues of credibility which were resolved by the jury (see People v Perkins, 27 AD3d 890, 892 [2006], lv denied 6 NY3d 897 [2006]; People v Tirado, 19 AD3d 712, 713 [2005], lv denied 5 NY3d 810 [2005]). In addition to the testimony of the victim, the record contains evidence which, if accepted by the jury, amply supports the victim's testimony and provides a basis to conclude that defendant was guilty beyond a reasonable doubt. Moreover, the absence of forensic proof of sexual contact is a factor for the jury to consider in the process of reaching its verdict (see People v Black, 304 AD2d 905, 907-908 [2003], lv denied 100 NY2d 578 [2003]). In sum, despite acquittal on the rape counts, we find no basis to reject the jury's credibility determinations. Accordingly, we conclude that the jury verdict is not contrary to the weight of the evidence.

Next, defendant's primary arguments addressed to his counsel's performance relate to counsel having elicited, on cross-examination, testimony from the victim of additional uncharged acts of sexual abuse perpetrated on her by defendant. Defendant further faults his counsel for cross-examining defendant's estranged wife about her having filed rape charges against him, later recanting, and her subsequent conviction for having filed a false statement. Neither of these topics was introduced by the prosecution. Counsel's performance is viewed in its totality to

determine whether, pursuant to the specific facts and circumstances of the case, meaningful representation has been provided (*see People v Turner*, 5 NY3d 476, 480 [2005]; *People v Henry*, 95 NY2d 563, 565 [2000]; *People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Miller*, 11 AD3d 729, 730 [2004]). The guarantee of meaningful representation is not breached when an attorney pursues reasonable trial strategies and tactics which ultimately prove unsuccessful (*see People v Benevento*, 91 NY2d 708, 712-713 [1998]). Here, given the absence of any forensic proof supporting the claimed sexual contact, evidence affecting the credibility of the victim and other prosecution witnesses was essential to the defense. Defense counsel opted to challenge the credibility of the victim by establishing various inconsistencies, including the victim's inconsistent claims of other uncharged sexual contact involving defendant. Also, defense counsel's cross-examination of defendant's estranged wife was designed to show that she had to have been untruthful. Although both strategies involved risk, we cannot conclude that the overall performance of defendant's counsel was so inadequate as to deprive defendant of a fair trial.

Next, defendant's complaint that County Court erred in failing to provide curative instructions to the jury after cross-examination of the victim has not been preserved for our review. Were we to address the issue, we would first recognize that even in the absence of a request by defendant, County Court should have sua sponte provided curative instructions to avoid a potential conviction based on defendant's propensity to commit the crime charged (*see People v Ward*, 10 AD3d 805, 807 [2004], *lv denied* 4 NY3d 768 [2005]). To the extent that County Court may be faulted for failing to give an immediate curative instruction following cross-examination of the victim, we find the error to be harmless given the consistent instructions by County Court to the jury, defendant's intentional pursuit of such testimony and the strength of the evidence against defendant (*see People v Ward, supra* at 807). Defendant's remaining arguments are equally unpersuasive.

Cardona, P.J., Mercure, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.