■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEAN A. GUAY, Appellant. [898 NYS2d 353]—

Garry, J. Appeal from a judgment of the Supreme Court (Lawliss, J.), rendered March 31, 2008 in Clinton County, upon a verdict convicting defendant of the crimes of rape in the first degree, sexual abuse in the first degree and endangering the welfare of a child.

The victim (born in 1997) disclosed to a school counselor that defendant had sexually molested her. After making an oral confession to police, defendant was indicted on charges of rape in the first degree, sexual abuse in the first degree, and endangering the welfare of a child. He was convicted on all three counts following a jury trial at which the victim testified, and sentenced to concurrent prison terms of 20 years with 10 years of postrelease supervision for rape in the first degree, seven years with five years of postrelease supervision for sexual abuse in the first degree, and one year for endangering the welfare of a child. Defendant now appeals.

Initially, defendant contends that Supreme Court erred in dismissing for cause a prospective juror on the basis of a hearing impairment. A prospective juror whose hearing is impaired may serve if the trial court determines that the juror is "capable of doing what jurors are supposed to do" (*People v Guzman*, 76 NY2d 1, 5 [1990]; *see* CPL 270.20 [1] [a]; Judiciary Law § 510). "[T]he determination whether a hearing-impaired person can provide reasonable jury service in a given case must be left largely to the discretion of the trial court, which can question and observe the prospective juror . . . during the voir dire" (*People v Guzman*, 76 NY2d at 5; *see People v Williams*, 63 NY2d 882, 885 [1984]). During jury selection, the juror stated that he was having difficulty hearing. Asked whether he would have difficulty during the trial if the parties kept their voices raised, he responded, "I'm pretty good right here in the front." However, the court determined that the prospective juror's hearing impairment was sufficiently severe to disqualify him from service, basing this conclusion on the juror's statements together with observation of his nonverbal reactions to ques-

tions, which indicated, in the court's view, that he had more difficulty in hearing than he expressed. The court further expressed concern that child witnesses often speak softly, and concluded that the prospective juror was likely to have difficulty hearing the young victim's testimony. With due deference to Supreme Court's ability to make the observations upon which this determination must be based, we find no abuse of its considerable discretion in this matter. Further, as no party, including the prospective juror, requested accommodations such as hearing aids or an interpreter, the court did not err in failing to consider whether such accommodations would have enabled the juror to serve.[1]

Next, defendant contends that he was deprived of a fair trial by prosecutorial misconduct in the form of allegedly improper comments made by the prosecutor during voir dire and summation. During voir dire, Supreme Court sustained objections to two questions that the prosecutor framed in a way that impermissibly interjected her own opinions (see *People v Bailey*, 58 NY2d 272, 277 [1983]; *People v Fairley*, 63 AD3d 1288, 1289 [2009], *lv denied* 13 NY3d 743 [2009]), thereby limiting any resulting prejudice (see *People v Weber*, 40 AD3d 1267, 1268 [2007], *lv denied* 9 NY3d 927 [2007]). The remaining challenges now raised were not preserved for appellate review by appropriate objections (see *People v Williams*, 8 NY3d 854, 855 [2007]; *People v Adams*, 39 AD3d 1081, 1083 [2007], *lv denied* 9 NY3d 872 [2007]). In any event, most of the challenged remarks during voir dire were appropriately directed at determining the prospective jurors' views on credibility issues likely to be presented at trial. As for the summation, if any of the challenges defendant now raises had been preserved for our review, we would find that the majority of the challenged remarks "were within the broad latitude permitted to the prosecutor in responding to defense counsel's summation" (*People v Wilhelm*, 34 AD3d 40, 54 [2006] [internal quotation marks omitted]). A few comments in which the prosecutor impermissibly offered her personal views of the evidence or, in one case, improperly vouched for the victim's credibility (see *id.* at 54-55), were not so egregious, when viewed in the context of the summation as a whole, to establish a " 'flagrant and pervasive pattern' of

---

1. We do not address defendant's claim that disqualification of the prospective juror violated title II of the Americans with Disabilities Act (see 42 USC § 12131 *et seq.*). Defendant is not a "qualified individual with a disability" (42 USC § 12131 [2]), and lacks standing to invoke the Americans with Disabilities Act on the prospective juror's behalf (*cf. Matter of Rivera v New York City Hous. Auth.*, 60 AD3d 509, 510 [2009]; *Willson v Association of Graduates of the U.S. Military Academy*, 946 F Supp 294, 296 [SD NY 1996]).

misconduct" sufficient to deprive defendant of a fair trial (*People v Hunt*, 39 AD3d 961, 964 [2007], *lv denied* 9 NY3d 845 [2007], quoting *People v McCombs*, 18 AD3d 888, 890 [2005]).

Defendant next contends that, in several instances, Supreme Court improperly permitted the People to elicit opinion testimony regarding the victim's credibility (*see People v Ciaccio*, 47 NY2d 431, 439 [1979]). Upon the prosecutor's redirect examination, a Child Protective Services caseworker was asked for his opinion of the victim's credibility. Defense counsel had opened the door to such questioning by asking the caseworker whether, in his previous work experience, he had known children to be untruthful, so his objection was properly overruled (*see People v Lamphier*, 302 AD2d 864, 865 [2003], *lv denied* 99 NY2d 656 [2003]; *see generally People v Conway*, 297 AD2d 398, 399 [2002], *lv denied* 99 NY2d 581 [2003]). The remaining claims now presented were not preserved. In any event, the testimony of the victim's mother did not constitute impermissible opinion testimony and, although no curative instruction was requested or given when a police investigator gave her opinion of the victim's credibility after defendant's objection had been sustained, the court's final instructions to the jury included a direction to disregard any such testimony (*see People v Colvin*, 37 AD3d 856, 858 [2007], *lv denied* 8 NY3d 944 [2007]; *see also People v Corey*, 233 AD2d 773, 774 [1996], *lv denied* 89 NY2d 984 [1997]).

Defendant next contends that he received the ineffective assistance of counsel as the result of multiple alleged errors by his trial attorney. Contrary to defendant's claim in this regard, defense counsel did not err in failing to object to the expert qualifications of a nurse practitioner who testified for the People, since she had completed the appropriate education, was board certified, and had considerable experience as a specialist in the area of obstetrics and gynecology (*see People v Munroe*, 307 AD2d 588, 591-592 [2003], *lv denied* 100 NY2d 644 [2003]). Further, although defense counsel's cross-examination of the nurse practitioner was brief, it was not entirely ineffective. Defendant's claim that his attorney should have challenged the medical evidence by obtaining colposcopic photographs or an independent medical examination of the victim is unsupported by any demonstration that these would have yielded favorable results and is essentially a disagreement with trial strategies and tactics (*see People v Hamms*, 55 AD3d 1142, 1145 [2008], *lv denied* 11 NY3d 925 [2009]). In regard to counsel's failure to object to allegedly improper remarks by the prosecutor, we find (as addressed above) that most of these remarks were not

improper, and counsel did successfully object to several that were. The representation was not error free; defendant correctly notes that his attorney's mid-trial claim that he was served with only one page of the People's five-page CPL 710.30 statement demonstrated an inexplicable lack of familiarity with the document's contents, especially as the statement had been extensively discussed before trial during a *Huntley* hearing.[2] Further, as defendant notes, at sentencing his attorney failed to recognize and call to the court's attention its improper imposition of postrelease supervision. However, "our Constitution 'guarantees the accused a fair trial, not necessarily a perfect one' " (*People v Turner*, 5 NY3d 476, 480 [2005], quoting *People v Benevento*, 91 NY2d 708, 712 [1998]). To prevail upon a claim of ineffective assistance, "defendant must demonstrate that his attorney failed to provide meaningful representation" (*People v Caban*, 5 NY3d 143, 152 [2005]; *see People v Lee*, 66 AD3d 1116, 1120 [2009]). Defense counsel made appropriate pretrial motions, raised well-founded, successful objections, and presented a consistent theory of defense throughout the trial that challenged the victim's veracity and portrayed defendant's oral confession as the product of duress (*see People v Madison*, 31 AD3d 974, 975 [2006], *lv denied* 7 NY3d 868 [2006]). Viewing "the evidence, the law, and the circumstances of [the] particular case . . . in totality and as of the time of the representation," we find that defendant received meaningful representation (*People v Baldi*, 54 NY2d 137, 147 [1981]).

Finally, as the People concede, defendant's sentence is illegal in that the periods of postrelease supervision imposed by Supreme Court were apparently based on the ranges set out in Penal Law § 70.45 (2-a); this section is inapplicable to defendant's 2005 offenses (*see* Penal Law § 70.45 [2-a], as added by L 2007, ch 7, § 33]). The court should have imposed postrelease supervision based on the ranges set out in Penal Law § 70.45 (former [2]). Remittal for resentencing is necessary as it is not possible to discern what periods of postrelease supervision the court would have imposed (*see People v Warner*, 69 AD3d 1052, 1054 [2010]). In view of this determination, defendant's claim that his current sentence is harsh and excessive is academic (*see id.*; *see also People v Mosley*, 54 AD3d 1098, 1099 [2008]).

Peters, J.P., Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is modified, on the law, by vacating

---

2. When this claim was made, Supreme Court interrupted the trial to conduct a hearing, after which it concluded that defense counsel had been served at arraignment with a complete copy of the same five-page CPL 710.30 notice filed with the court.

the sentences imposed; matter remitted to the Supreme Court for resentencing; and, as so modified, affirmed.